ChamNote, AwaitClo, APLDIST, APPEAL

# U.S. Bankruptcy Court
## Western District of Washington (Seattle)
## Adversary Proceeding #: 18−01002−MLB

*Assigned to:* Marc Barreca

*Lead BK Case:* 16−14901

*Lead BK Title:* Christine G Tavares

*Lead BK Chapter:* 7

*Demand:*

   *Nature[s] of Suit:*  14 Recovery of money/property − other

                       72 Injunctive relief − other

*Date Filed:* 01/10/18

*Date Dismissed:* 11/07/18

---

*Plaintiff*

─────────────────────

**Michael Klein,** *as Trustee for the Bankruptcy Estate of Edward Anzaldua*

represented by **Arthur E Ortiz**
Law Office of Arthur Ortiz
6015 California Ave SW, No.203
Seattle, WA 98136
206−898−5704
Email: arthur@aeolegal.com

---

*Plaintiff*

─────────────────────

**Dennis Lee Burman,** *as Trustee for the Bankruptcy Estate of Edward Anzaldua*

represented by **Arthur E Ortiz**
(See above for address)

---

V.

*Defendant*

─────────────────────

**Alabama Housing Finance Authority,** *a foreign public corporation doing business in Washington as SERVISOLUTIONS*

represented by **Stephen J Bumgarner**
Maynard Cooper and Gale
1901 Sixth Ave N
2400 Regions/Harbert Plaza
Birmingham, AL 35203
205−254−1878
Email: sbumgarner@maynardcooper.com

**Kimberly Hood**
Robinson Tait PS
901 Fifth Ave, Suite 400
Seattle, WA 98164
206−876−3329
Email: khood@robinsontait.com
*TERMINATED: 04/04/2018*

**Lance E Olsen**
McCarthy & Holthus, LLP
108 First Avenue South, Suite 300

Seattle, WA 98104
206–596–4843
Email: bknotice@mccarthyholthus.com

**Craig Peterson**
Robinson Tait PS
901 Fifth Ave, Suite 400
Seattle, WA 98164
206–676–9640
Email: cpeterson@robinsontait.com

**Michael S Scott**
McCarthy & Holthus LLP
920 SW 3rd Ave, First Floor
Portland, OR 97204
971–201–3200
Email: bknotice@mccarthyholthus.com

| Filing Date | # | | Docket Text |
|---|---|---|---|
| 01/10/2018 | | 1 | Order Granting Motion for Leave to Amend Complaint with Referral to Bankruptcy Court for all Pre–Trial Proceedings (Copy from USDC 17–cv–01599–MJP Filed on 1/8/2018) Modified text on 2/8/2018 – corrected name of pleading. (PBR). (Entered: 01/10/2018 at 16:37:06) |
| 01/11/2018 | | 2 | Notice and ORDER Setting Status Conference (Related document(s)1 Complaint). (PBR) (Entered: 01/11/2018 at 13:28:48) |
| 01/11/2018 | | 3 | Sent to BNC for Mailing to Kimberly Hood and Craig Peterson representing Defendant – Notice and ORDER Setting Status Conference (Related document(s)2 Order GENERIC). (PBR) (Entered: 01/11/2018 at 14:00:44) |
| 01/11/2018 | | | Receipt of Adversary Filing Fee – $0.00 by PR. Receipt Number 226304. Tavares (admin) Modified on 1/16/2018 – No fee due. (PBR). (Entered: 01/12/2018 at 07:31:11) |
| 01/13/2018 | | 4 | BNC Certificate of Notice (Related document(s)3 Miscellaneous Mailing of PDF Document by the BNC). Notice Date 01/13/2018. (Admin.) (Entered: 01/13/2018 at 21:21:55) |
| 02/02/2018 | | | Set Hearing on Status Conference (Related document(s)2 Order GENERIC). The Hearing date is set for 2/8/2018 at 09:00 AM at Judge Barreca's Courtroom, U.S. Courthouse, Room 7106. (PBR) (Entered: 02/02/2018 at 13:11:36) |
| 02/06/2018 | | 5 | COMPLAINT (Copy from USDC 17–cv–01599–MJP Filed on 10/27/2017) FOR INJUNCTIVE RELIEF AND DAMAGES against defendant Alabama Housing Finance Authority Filed by Christine Tavares . (Attachments: # 1 Civil Cover Sheet) (PBR) (Entered: 02/06/2018 at 13:57:51) |
| 02/06/2018 | | 6 | PRAECIPE TO ISSUE SUMMONS (Copy from USDC 17–cv–01599–MJP Filed on 10/27/2017) Filed by Arthur E Ortiz on behalf of Christine Tavares . (PBR) (Entered: 02/06/2018 at 14:05:25) |
| 02/06/2018 | | 7 | Declaration of Christine Tavares (Copy from USDC 17–cv–01599–MJP Filed on 10/27/2017) Filed by Christine Tavares (PBR) (Entered: 02/06/2018 at 14:09:56) |

| | | | |
|---|---|---|---|
| 02/06/2018 | | 8 | Declaration of Monique Patzer (Copy from USDC 17–cv–01599–MJP Filed on 10/27/2017) Filed by Arthur E Ortiz on behalf of Monique Patzer . (PBR) (Entered: 02/06/2018 at 14:15:12) |
| 02/06/2018 | | 9 | Declaration of Arthur Ortiz (Copy from USDC 17–cv–01599–MJP Filed on 10/27/2017) Filed by Arthur E Ortiz (Attachments: #(1) Exhibit A #(2) Exhibit B #(3) Exhibit C #(4) Exhibit D #(5) Exhibit E) (PBR) (Entered: 02/06/2018 at 14:22:03) |
| 02/06/2018 | | 10 | MOTION for Temporary Restraining Order to restrain unnecessary foreclosure sale (Copy from USDC 17–cv–01599–MJP Filed on 10/27/2017) Filed by Arthur E Ortiz on behalf of Christine Tavares . (Attachments: # 1 Proposed Order) (PBR) (Entered: 02/06/2018 at 14:28:06) |
| 02/06/2018 | | 11 | Summons electronically issued as to defendant Alabama Housing Finance Authority. (Copy from USDC 17–cv–01599–MJP Filed on 10/27/2017) (PBR) (Entered: 02/06/2018 at 14:32:00) |
| 02/06/2018 | | 12 | CERTIFICATE OF SERVICE (Copy from USDC 17–cv–01599–MJP Filed on 10/27/2017) Filed by Arthur E Ortiz on behalf of Christine Tavares . (PBR) (Entered: 02/06/2018 at 14:35:33) |
| 02/06/2018 | | 13 | AFFIDAVIT OF SERVICE (Copy from USDC 17–cv–01599–MJP Filed on 10/30/2017) Filed by Arthur E Ortiz on behalf of Christine Tavares . (PBR) (Entered: 02/06/2018 at 14:38:15) |
| 02/06/2018 | | 14 | NOTICE of Appearance (Copy from USDC 17–cv–01599–MJP Filed on 11/09/2017) Filed by Craig Peterson on behalf of Alabama Housing Finance Authority . (PBR) (Entered: 02/06/2018 at 14:43:23) |
| 02/06/2018 | | 15 | RESPONSE (Copy from USDC 17–cv–01599–MJP Filed on 11/09/2017) Filed by Craig Peterson on behalf of Alabama Housing Finance Authority . (Attachments: # 1 Exhibit A). Related document(s) 10 Motion Document GENERIC filed by Plaintiff Christine Tavares. (PBR). (Entered: 02/06/2018 at 14:51:01) |
| 02/06/2018 | | 16 | DECLARATION of North Cascade Trustee Services (Copy from USDC 17–cv–01599–MJP Filed on 11/09/2017) Filed by Craig Peterson . (Attachments: # 1 Exhibit A) (PBR) (Entered: 02/06/2018 at 14:57:47) |
| 02/06/2018 | | 17 | Response (Copy from USDC 17–cv–01599–MJP Filed on 11/09/2017) Filed by Arthur E Ortiz on behalf of Christine Tavares . (Attachments: # 1 Declaration # 2 Exhibit A # 3 Exhibit B # 4 Certificate of Service). Related document(s) 10 Motion Document GENERIC filed by Plaintiff Christine Tavares. (PBR). (Entered: 02/06/2018 at 15:09:08) |
| 02/06/2018 | | 18 | ORDER TO SHOW CAUSE as to defendant why it should be granted additional time to respond to Plaintiff's Motion for a Temporary Restraining Order in a brief of no more than five (5) pages due November 17, 2017 with Plaintiff's response due November 20, 2017. Signed by Judge Marsha J. Pechman. (Copy from USDC 17–cv–01599–MJP Filed on 11/14/2017) (PBR) (Entered: 02/06/2018 at 15:12:17) |
| 02/06/2018 | | 19 | Response by Defendant Alabama Housing Finance Authority to Motion for Temporary Restraining Order (Copy from USDC 17–cv–01599–MJP Filed on 11/17/2017) (Related document(s)10 Motion Document GENERIC). .. Filed by Craig Peterson on behalf of Alabama Housing |

| | | | |
|---|---|---|---|
| | | | Finance Authority . (PBR) (Entered: 02/06/2018 at 15:25:40) |
| 02/06/2018 | | 20 | Declaration of Anthony Box filed by Defendant Alabama Housing Finance Authority (Copy from USDC 17–cv–01599–MJP Filed on 11/17/2017) (Related document(s)10 Motion Document GENERIC). .. Filed by Craig Peterson on behalf of Alabama Housing Finance Authority . (PBR) (Entered: 02/06/2018 at 15:30:47) |
| 02/06/2018 | | 21 | RESPONSE TO ORDER TO SHOW CAUSE by Plaintiff Christine Tavares (Copy from USDC 17–cv–01599–MJP Filed on 11/17/2017) Filed by Arthur E Ortiz on behalf of Christine Tavares . (Attachments: # 1 Declaration # 2 Exhibit A # 3 Exhibit B # 4 Certificate of Service) (PBR) (Entered: 02/06/2018 at 15:42:54) |
| 02/06/2018 | | 22 | ORDER granting Plaintiff's Motion for a Temporary Restraining Order and denying Defendant's Motion for Additional Time to respond. As a condition of granting the temporary restraining order, the Court orders Plaintiff to pay the Clerk of Court $2,302.66 monthly, due on the fifteenth (15) day of each month, pending resolution of this action on the merits. Signed by Judge Marsha J. Pechman (Copy from USDC 17–cv–01599–MJP Filed on 11/27/2017) (Related document(s)10 Motion Document GENERIC, 15 Motion Document GENERIC). (PBR) (Entered: 02/06/2018 at 15:51:04) |
| 02/06/2018 | | 23 | ORDER REGARDING INITIAL DISCLOSURES AND JOINT STATUS REPORT (Copy from USDC 17–cv–01599–MJP Filed on 11/30/2017) by Judge Marsha J. Pechman (PBR) (Entered: 02/06/2018 at 16:16:51) |
| 02/06/2018 | | 24 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM 12 b (1) and 12 b (6), (Copy from USDC 17–cv–01599–MJP Filed on 12/6/2017) Filed by Craig Peterson on behalf of Alabama Housing Finance Authority . (Attachments: # 1 supplement # 2 Exhibit A # 3 Exhibit # 4 Exhibit # 5 Exhibit # 6 Exhibit # 7 Exhibit) (PBR) (Entered: 02/06/2018 at 16:33:07) |
| 02/07/2018 | | 25 | Agreed Stipulated MOTION RE: EXTENSION OF DEADLINES FOR INITIAL DISCLOSURES, JOINT STATUS REPORT AND DISCOVERY PLAN. (Copy from USDC 17–cv–01599–MJP Filed on 12/8/2017) Filed by Arthur E Ortiz on behalf of Christine Tavares . (PBR) (Entered: 02/07/2018 at 09:02:41) |
| 02/07/2018 | | 26 | STIPULATION AND ORDER ON EXTENSION OF DEADLINES (Copy from USDC 17–cv–01599–MJP Filed on 12/12/2017) Signed by Judge Marsha J. Pechman. (Related document(s)25 Motion Document GENERIC). (PBR) (Entered: 02/07/2018 at 09:07:16) |
| 02/07/2018 | | 27 | MOTION for Leave to File Amended Complaint. (Copy from USDC 17–cv–01599–MJP Filed on 12/18/2017) Filed by Arthur E Ortiz on behalf of Christine Tavares . (Attachments: # 1 Amended Complaint # 2 Declaration # 3 Declaration # 4 Declaration # 5 Exhibit A # 6 Exhibit B # 7 Exhibit C # 8 Exhibit D # 9 Exhibit E # 10 Exhibit F # 11 Exhibit G # 12 Proposed Order # 13 Certificate of Service) (PBR) (Entered: 02/07/2018 at 09:29:26) |
| 02/07/2018 | | 28 | Response to MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM 12 b (1) and 12 b (6)(Copy from USDC 17–cv–01599–MJP Filed on 12/22/2017) (Related document(s)24 Document GENERIC). .. Filed by Arthur E Ortiz on behalf of Christine Tavares . (Attachments: # 1 Declaration # 2 Exhibit A # 3 Exhibit B # 4 Proposed Order # 5 Certificate of Service) (PBR) (Entered: 02/07/2018 at 09:45:40) |

| | | | |
|---|---|---|---|
| 02/07/2018 | | 29 | Response to MOTION for Leave to File Amended Complaint. (Copy from USDC 17–cv–01599–MJP Filed on 12/26/2017) (Related document(s)27 Motion Document GENERIC). .. Filed by Craig Peterson on behalf of Alabama Housing Finance Authority . (PBR) (Entered: 02/07/2018 at 09:50:27) |
| 02/07/2018 | | 30 | NOTICE of Supplemental Authority re Response to Motion, to Dismiss by Plaintiff Christine Tavares (Copy from USDC 17–cv–01599–MJP Filed on 12/28/2017) Filed by Arthur E Ortiz on behalf of Christine Tavares . (Related document(s)28 Response). (Attachments: # 1 supplement # 2 Certificate of Service) (PBR) (Entered: 02/07/2018 at 09:57:58) |
| 02/07/2018 | | 31 | Reply by Plaintiff Christine Tavares, TO RESPONSE to MOTION for Leave to File Amended Complaint (Copy from USDC 17–cv–01599–MJP Filed on 12/28/2017) (Related document(s)27 Motion Document GENERIC). .. Filed by Arthur E Ortiz on behalf of Christine Tavares . (Attachments: # 1 Certificate of Service) (PBR) (Entered: 02/07/2018 at 10:05:05) |
| 02/07/2018 | | 32 | Reply by Defendant Alabama Housing Finance Authority TO RESPONSE to MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM 12 b (1) and 12 b (6) (Copy from USDC 17–cv–01599–MJP Filed on 12/29/2017) (Related document(s)24 Document GENERIC). .. Filed by Craig Peterson on behalf of Alabama Housing Finance Authority . (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5) (PBR) (Entered: 02/07/2018 at 10:19:09) |
| 02/07/2018 | | 33 | SURREPLY filed by Plaintiff Christine Tavares re MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM 12 b (1) and 12 b (6) Motion to Strike Reply. (Copy from USDC 17–cv–01599–MJP Filed on 12/30/2017) (Related document(s)24 Motion Document GENERIC). .. Filed by Arthur E Ortiz on behalf of Christine Tavares . (Attachments: # 1 Certificate of Service) (PBR) (Entered: 02/07/2018 at 10:24:37) |
| 02/07/2018 | | 34 | Request for Courtesy Notice of Electronic Filing . Filed by Rory C Livesey on behalf of Courtesy NEF. (Livesey, Rory) (Entered: 02/07/2018 at 11:27:27) |
| 02/08/2018 | | | Minutes. Status Conference Held. Appearances: Arthur Ortiz representing plaintiff; Kimberly Hood representing defendant; Rory Livesey representing trustee. (related document(s): 2 Order GENERIC, Set Hearing.: Continued Status Conference/Pretrial Conference continueed to 04/05/2018 at 09:00 AM at Judge Barreca's Courtroom, U.S. Courthouse, Room 7106. All adversarial hearings to be held in Seattle. (KEK) (Entered: 02/09/2018 at 12:00:16) |
| 02/09/2018 | | 35 | Amend Complaint. Defendants Alabama Housing Finance Authority added to the case. Amending: *supplementing facts and adding a claim*. (Related document(s)1 Complaint)... Filed by Arthur E Ortiz on behalf of Christine Tavares. (Ortiz, Arthur) Modified on 2/16/2018 – Defendant added again with this entry; CM removed Deft from case docket. (PBR). (Entered: 02/09/2018 at 15:19:56) |
| 02/15/2018 | | 36 | Pro Hac Vice Application .. Filed by Kimberly Hood on behalf of Alabama Housing Finance Authority (Hood, Kimberly) (Entered: 02/15/2018 at 15:59:17) |
| 02/15/2018 | | | Receipt of filing fee for Pro Hac Vice Application(18–01002–MLB) [motion,1990] ( 231.00). Receipt number 24450799. Fee amount $ 231.00. |

| | | | |
|---|---|---|---|
| | | | (U.S. Treasury) (Entered: 02/15/2018 at 15:59:45) |
| 02/25/2018 | | 37 | Defendant's Motion to Dismiss Adversary Case *18−01002−MLB* with Notice of Hearing. Filed by Kimberly Hood on behalf of Alabama Housing Finance Authority The Hearing date is set for 4/5/2018 at 09:30 AM at Judge Barreca's Courtroom, U.S. Courthouse, Room 7106. Response due by 3/29/2018. (Attachments: # 1 Pleading Memorandum in Support # 2 Exhibit 1 # 3 Exhibit 2 # 4 Exhibit 3 # 5 Exhibit 4 # 6 Exhibit 5 # 7 Exhibit 6 # 8 Exhibit 7 # 9 Exhibit 8 # 10 Exhibit 9 # 11 Exhibit 10 # 12 Notice of Hearing # 13 Proposed Order) (Hood, Kimberly) (Entered: 02/25/2018 at 21:56:25) |
| 03/27/2018 | | 38 | Agreed Motion *Parties jointly request deadline adjustment per stipulation* with Notice of Hearing. Filed by Arthur E Ortiz on behalf of Christine Tavares The Hearing date is set for 3/27/2018 at 04:00 PM at Judge Barreca's Courtroom, U.S. Courthouse, Room 7106. Response due by 3/27/2018. (Attachments: # 1 Proposed Order) (Ortiz, Arthur) (Entered: 03/27/2018 at 15:29:06) |
| 03/27/2018 | | 39 | Motion *LCR 7(m) Praecipe to replace Dkt. No. 38 with corrected document, filed with this Praecipe, correcting the absence of party signatures.* Filed by Arthur E Ortiz on behalf of Christine Tavares (Attachments: # 1 Pleading Corrected Pleading # 2 Pleading corrected pleading) (Ortiz, Arthur) (Entered: 03/27/2018 at 16:03:53) |
| 03/27/2018 | | 40 | Received UNSIGNED Order Forwarded to Chambers for Judge's Signature. Filed by Ortiz, Arthur. Related document 39 (Entered: 03/27/2018 at 17:31:01) |
| 03/27/2018 | | | Minutes. Hearing Not Held. No Appearances. (related document(s): 38 Motion filed by Christine Tavares filed by Arthur E Ortiz. : Document #39 replaces #38. (KEK) (Entered: 04/03/2018 at 11:00:38) |
| 03/28/2018 | | 41 | Order On Parties' Stipulated Motion RE: Continuance of Status Conference and Extension of Deadline (Related document(s)39 Motion). The Hearing date is set for 5/3/2018 at 09:00 AM at Judge Barreca's Courtroom, U.S. Courthouse, Room 7106.. (PBR) (Entered: 03/28/2018 at 13:12:59) |
| 04/02/2018 | | | Minutes. (related document(s): Set Hearing) Continued Hearing scheduled for 05/03/2018 at 09:00 AM at Judge Barreca's Courtroom, U.S. Courthouse, Room 7106. (KEK) (Entered: 04/02/2018 at 10:30:52) |
| 04/04/2018 | | 42 | Withdrawal and Substitution of Attorney Lance E Olsen and Lance E Olsen for Alabama Housing Finance Authority. Involvement of Kimberly Hood Terminated.. Filed by Lance E Olsen on behalf of Alabama Housing Finance Authority. (Olsen, Lance) (Entered: 04/04/2018 at 16:45:23) |
| 04/05/2018 | | | Minutes. (related document(s): 37 Motion to Dismiss Adversary Case filed by Alabama Housing Finance Authority filed by Kimberly Hood.: Continued Hearing scheduled for 05/03/2018 at 09:30 AM at Judge Barreca's Courtroom, U.S. Courthouse, Room 7106. (KEK) (Entered: 04/12/2018 at 10:47:05) |
| 04/11/2018 | | | Notice to Court Requesting Continuance of Hearing on Motion – from: Date of Hearing: 4/5/2018 at 9:30 am. to: 5/3/2018 at 9:30 am. Filed by Lance E Olsen on behalf of Alabama Housing Finance Authority. (Related document(s)37 Motion to Dismiss Adversary Case, 42 Withdrawal and Substitution of Attorney). (Olsen, Lance) (Entered: 04/11/2018 at |

| | | | |
|---|---|---|---|
| | | | 14:16:47) |
| 04/26/2018 | | 43 | Pro Hac Vice Application .. Filed by Lance E Olsen on behalf of Alabama Housing Finance Authority (Olsen, Lance) (Entered: 04/26/2018 at 16:23:55) |
| 04/26/2018 | | | Receipt of filing fee for Pro Hac Vice Application(18−01002−MLB) [motion,1990] ( 231.00). Receipt number 24673233. Fee amount $ 231.00. (U.S. Treasury) (Entered: 04/26/2018 at 16:28:30) |
| 04/26/2018 | | 44 | Received UNSIGNED Order Forwarded to Chambers for Judge's Signature. Filed by Olsen, Lance. Related document 43 (Entered: 04/26/2018 at 17:02:02) |
| 04/26/2018 | | 45 | Plaintiff's Response to *Defendant AHFA's* (Related document(s)37 Motion to Dismiss Adversary Case)... Filed by Arthur E Ortiz on behalf of Christine Tavares. (Ortiz, Arthur) (Entered: 04/26/2018 at 20:44:21) |
| 04/26/2018 | | 46 | Plaintiff's Declaration (Related document(s)37 Motion to Dismiss Adversary Case)... Filed by Arthur E Ortiz on behalf of Christine Tavares. (Attachments: # 1 Exhibit A # 2 Exhibit B) (Ortiz, Arthur) (Entered: 04/26/2018 at 20:48:07) |
| 04/26/2018 | | 47 | Supporting Declaration (Related document(s)37 Motion to Dismiss Adversary Case)... Filed by Arthur E Ortiz on behalf of Christine Tavares. (Attachments: # 1 Exhibit G) (Ortiz, Arthur) (Entered: 04/26/2018 at 20:51:27) |
| 04/27/2018 | | 48 | ORDER On Pro Hac Vice Application. Stephen Bumgarner for Alabama Housing Finance Authority (Related Doc # 43) . (PBR) (Entered: 04/27/2018 at 15:15:26) |
| 04/30/2018 | | | Minutes. (related document(s): 39 Motion filed by Christine Tavares, 41 Scheduling Order.: Continued Hearing scheduled for 05/03/2018 at 09:30 AM at Judge Barreca's Courtroom, U.S. Courthouse, Room 7106. (KEK) (Entered: 04/30/2018 at 15:04:45) |
| 04/30/2018 | | | Minutes. (related document(s): 2 Order GENERIC, Set Hearing) Continued Hearing scheduled for 05/03/2018 at 09:30 AM at Judge Barreca's Courtroom, U.S. Courthouse, Room 7106. (KEK) (Entered: 04/30/2018 at 15:05:37) |
| 04/30/2018 | | | Notice to Court of Intent to Argue. Date of Hearing: 5/3/2018. Filed by Lance E Olsen on behalf of Alabama Housing Finance Authority. (Related document(s)37 Motion to Dismiss Adversary Case, Minutes Hearing Held). (Olsen, Lance) (Entered: 04/30/2018 at 15:30:23) |
| 04/30/2018 | | 49 | Motion *for Authorization to Secure Full Appraisal of Real Property* with Notice of Hearing. Filed by Lance E Olsen on behalf of Alabama Housing Finance Authority The Hearing date is set for 6/7/2018 at 09:00 AM at Judge Barreca's Courtroom, U.S. Courthouse, Room 7106. Response due by 5/31/2018. (Attachments: # 1 Notice of Hearing # 2 Proposed Order) (Olsen, Lance) *Modified on 5/1/2018 − Incorrect time of 9:00 AM listed on pdf's (including notice of hearing); calendar edited to reflect correct time of 9:30. (PBR). (Entered: 04/30/2018 at 17:31:41) |
| 05/01/2018 | | 50 | Defendant's Reply *in Support of Motion to Dismiss the Plaintiff's Amended Complaint* (Related document(s)35 Amend Complaint). Proof of Service. |

| | | | |
|---|---|---|---|
| | | | Filed by Michael S Scott on behalf of Alabama Housing Finance Authority. (Scott, Michael) (Entered: 05/01/2018 at 15:02:48) |
| 05/03/2018 | | | Minutes. Hearing Held. Appearances: Arthur Ortiz representing plaintiff; Stephen Bumgarner representing defendant; Lance Olsen representing defendant; Rory Livesey representing trustee. (related document(s): 37 Motion to Dismiss Adversary Case filed by Alabama Housing Finance Authority. : Matter is taken under Advisement. Parties will be contacted with date and time of Oral Ruling and may appear telephonically. (KEK) (Entered: 05/04/2018 at 12:13:06) |
| 05/03/2018 | | | Minutes. Hearing Held. Appearances: Arthur Ortiz representing plaintiff; Stephen Bumgarner representing defendant; Lance Olsen representing defendant; Rory Livesey representing trustee. (related document(s): 41 Scheduling Order.: Status Conference continued to 07/19/2018 at 09:00 AM at Judge Barreca's Courtroom, U.S. Courthouse, Room 7106. (KEK) (Entered: 05/04/2018 at 12:19:39) |
| 05/03/2018 | | | Minutes. (related document(s): 37 Motion to Dismiss Adversary Case filed by Alabama Housing Finance Authority filed by Kimberly Hood. : Oral ruling scheduled for 06/07/2018 at 11:00 AM at Judge Barreca's Courtroom, U.S. Courthouse, Room 7106. Parties may appear telephonically. (KEK) (Entered: 05/16/2018 at 11:35:12) |
| 05/09/2018 | | 51 | Letter To and Subject: *Partial Withdrawal of Claims* (Related document(s)37 Motion to Dismiss Adversary Case). Filed by Arthur E Ortiz on behalf of Christine Tavares. (Ortiz, Arthur) (Entered: 05/09/2018 at 13:04:40) |
| 06/06/2018 | | 52 | Declaration of No Objection . The Filer represents to the Court, under penalty of perjury, that Notice of the Motion linked to this entry was served on 4/30/2018 in accordance with the proof of service filed herein and that no objection to that Motion has been filed in the Office of the Clerk or received by the Filer. (Related document(s)49 Motion)... Filed by Lance E Olsen of McCarthy & Holthus, LLP on behalf of Alabama Housing Finance Authority. (Olsen, Lance) (Entered: 06/06/2018 at 14:06:18) |
| 06/06/2018 | | 53 | Received UNSIGNED Order Forwarded to Chambers for Judge's Signature. Filed by Olsen, Lance. Related document 49 (Entered: 06/06/2018 at 14:31:01) |
| 06/07/2018 | | 54 | Stipulated ORDER on Defendant's Motion for Authorization to Secure Appraisal (Related Doc # 49) . (SRG) (Entered: 06/07/2018 at 11:10:46) |
| 06/07/2018 | | | Minutes. Oral Ruling. Appearances: Arthur Ortiz representing plaintiff; Lance Olsen representing defendant. (related document(s): 37 Motion to Dismiss Adversary Case filed by Alabama Housing Finance Authority filed by Kimberly Hood.: Granted Defendant's Motion to Dismiss. Plaintiff is granted Leave to AmendComplaint. Plaintiff shall file and serve an Amended Complaint within 21 days of today. Plaintiff to submit Order. (KEK) (Entered: 06/07/2018 at 12:16:05) |
| 06/07/2018 | | | Minutes. Hearing Not Held. Order to be entered pursuant to Local Bankruptcy Rule 9013–1(f)(2). (related document(s): 49 Motion filed by Alabama Housing Finance Authority filed by Lance E Olsen (KEK) (Entered: 06/07/2018 at 12:21:14) |

| | | | |
|---|---|---|---|
| 06/12/2018 | | 55 | PDF with attached Audio File. Court Date & Time [ 6/7/2018 11:22:32 AM ]. File Size [ 8372 KB ]. Run Time [ 00:23:15 ]. (admin). (Entered: 06/12/2018 at 12:46:37) |
| 06/13/2018 | | | Audio CD Request. Hearing Date and Time: 06/07/2018 @9:30am. Other Info: Argument and Ruling.. Requested by: Arthur Ortiz, AHFA (ServiSolutions).. *Please notify Bonnie Reed at 206−624−3005 or info@rjwtranscripts.com when disk is ready..* (Transcriber − Strehlo, Bonnie) (Entered: 06/13/2018 at 11:06:53) |
| 06/13/2018 | | 56 | Ex Parte Application *to Shorten Time* with Notice of Hearing. Filed by Arthur E Ortiz on behalf of Christine Tavares (Attachments: # 1 Pleading Substantive Motion to be heard on shortened time) (Entered: 06/13/2018 at 19:21:00) |
| 06/13/2018 | | 57 | Plaintiff's Motion *for extension of amended complaint due date* with Notice of Hearing. Filed by Arthur E Ortiz on behalf of Christine Tavares The Hearing date is set for 6/21/2018 at 09:30 AM at Judge Barreca's Courtroom, U.S. Courthouse, Room 7106. Response due by 6/20/2018. (Attachments: # 1 Declaration # 2 Exhibit A) (Ortiz, Arthur) (Entered: 06/13/2018 at 19:30:35) |
| 06/13/2018 | | 58 | Received UNSIGNED Order Forwarded to Chambers for Judge's Signature. Filed by Ortiz, Arthur. Related document 56 (Entered: 06/13/2018 at 19:31:03) |
| 06/13/2018 | | 59 | Plaintiff's Affidavit *// Certificate of Service ECF Inclusive.* Proof of Service. Filed by Arthur E Ortiz on behalf of Christine Tavares. (Ortiz, Arthur) (Entered: 06/13/2018 at 20:28:45) |
| 06/13/2018 | | 60 | Received UNSIGNED Order Forwarded to Chambers for Judge's Signature. Filed by Ortiz, Arthur. Related document 57 (Entered: 06/13/2018 at 22:04:03) |
| 06/14/2018 | | 61 | Submitted But Not Entered (Related document(s)57 Motion. (SRG) (Entered: 06/14/2018 at 11:50:02) |
| 06/14/2018 | | 62 | ORDER Granting Plaintiff's Motion for Order Shortening Time (Related Doc # 56) . (SRG) (Entered: 06/14/2018 at 12:03:13) |
| 06/14/2018 | | 63 | Proof of Service − Plaintiff's Affidavit */ Proof of Service on AHFA* (Related document(s)57 Motion, 62 Order on Application). Proof of Service. Filed by Arthur E Ortiz on behalf of Christine Tavares. (Ortiz, Arthur) Wrong event used; no need to refile. Modified on 6/15/2018 (DLP). (Entered: 06/14/2018 at 19:53:02) |
| 06/15/2018 | | | Minutes. Order Submitted but not Entered. (related document(s): 57 Plaintiffs Motion for extension of amended complaint due date with Notice of Hearing filed by Christine Tavares) (KEK) (Entered: 06/15/2018 at 10:38:40) |
| 06/20/2018 | | 64 | Letter To and Subject: *Request for Court's approval of phone appearance* (Related document(s)57 Motion). Filed by Arthur E Ortiz on behalf of Christine Tavares. (Ortiz, Arthur) (Entered: 06/20/2018 at 13:15:42) |
| 06/21/2018 | | 65 | Received UNSIGNED Order Forwarded to Chambers for Judge's Signature. Filed by Ortiz, Arthur. Related document 57 (Entered: 06/21/2018 at 08:02:02) |

| | | | |
|---|---|---|---|
| 06/21/2018 | | 66 | ORDER Granting Plaintiff's Motion for Extension of Time to File Amended Complaint. Amended complaint is due July 26, 2018. (Related Doc # 57) . (MEH) (Entered: 06/21/2018 at 09:33:23) |
| 06/27/2018 | | 67 | Transcript regarding Hearing Held 06/07/2018 RE: Oral Ruling on Motion to Dismiss Adversary Case before Marc Barreca. Remote electronic access to the transcript is restricted until 09/25/2018. The transcript may be viewed at the Bankruptcy Court Clerk's Office. Contact the Court Reporter/Transcriber Marjie D Jackson, Telephone number Marjie Jackson 206–624–3005.. Notice of Intent to Request Redaction Deadline Due By 7/5/2018. Redaction Request Due By 07/18/2018. Redacted Transcript Submission Due By 07/30/2018. Transcript access will be restricted through 09/25/2018. (Transcriber – Strehlo, Bonnie) (Entered: 06/27/2018 at 10:42:11) |
| 07/19/2018 | | | Minutes. Hearing Held. Appearances: None. (related document(s): 41 Scheduling Order.: Status Conference continued to 08/02/2018 at 09:00 AM at Judge Barreca's Courtroom, U.S. Courthouse, Room 7106. (KEK) (Entered: 07/19/2018 at 09:44:23) |
| 07/20/2018 | | 68 | PDF with attached Audio File. Court Date & Time [ 7/19/2018 9:13:30 AM ]. File Size [ 942 KB ]. Run Time [ 00:02:37 ]. (admin). (Entered: 07/20/2018 at 10:31:03) |
| 07/26/2018 | | 69 | Amend Complaint. *Defendant not added.* Defendants not added. Amending: *to comport to the oral ruling at Dkt. No. 55*. (Related document(s)1 Complaint). Proof of Service. Filed by Arthur E Ortiz on behalf of Christine Tavares. (Attachments: # 1 Declaration # 2 declaration # 3 Exhibit H # 4 Exhibit I # 5 Exhibit J # 6 Exhibit K # 7 Exhibit L # 8 Exhibit M # 9 Proof of Service Cert of Svc.) (Ortiz, Arthur) (Entered: 07/26/2018 at 16:11:57) |
| 08/02/2018 | | | Minutes. Status Conference Held 08/02/2018. Appearances: Arthur Ortiz on behalf of Plaintiff, and Bankruptcy Trustees in Case Nos. 16–14901 and 16–15970 (related document(s): 41 Scheduling Order, 69 Amend Complaint filed by Christine Tavares) Court will set a schedule, but will not have a dispositive motion cut off sooner then late February; discovery cut off will be prior to that (end of January). Court will prepare order. (SDU) (Entered: 08/07/2018 at 07:05:06) |
| 08/08/2018 | | 70 | PDF with attached Audio File. Court Date & Time [ 8/2/2018 9:08:15 AM ]. File Size [ 5127 KB ]. Run Time [ 00:14:14 ]. (admin). (Entered: 08/08/2018 at 11:31:03) |
| 08/09/2018 | | 71 | Defendant's Motion to Dismiss Adversary Case with Notice of Hearing. Filed by Stephen J Bumgarner on behalf of Alabama Housing Finance Authority The Hearing date is set for 9/14/2018 at 09:30 AM at Judge Barreca's Courtroom, U.S. Courthouse, Room 7106. Response due by 9/7/2018. (Attachments: # 1 Memorandum of Law in Support of Motion to Dismiss Second Amended Complaint # 2 Exhibit Exhibit 1 # 3 Exhibit Exhibit 2 # 4 Exhibit Exhibit 3 # 5 Exhibit Exhibit 4 # 6 Exhibit Exhibit 5 # 7 Exhibit Exhibit 6 # 8 Exhibit Exhibit 7 # 9 Exhibit Exhibit 8 # 10 Exhibit Exhibit 9 # 11 Exhibit Exhibit 10) (Bumgarner, Stephen) (Entered: 08/09/2018 at 12:03:47) |
| 08/30/2018 | | 72 | Pretrial Scheduling ORDER . (PBR) (Entered: 08/30/2018 at 11:06:11) |
| 09/07/2018 | | 73 | |

| | | | |
|---|---|---|---|
| | | | Notice of *Withdrawal of representation* Filed by Arthur E Ortiz on behalf of Christine Tavares. (Ortiz, Arthur) (Entered: 09/07/2018 at 13:57:14) |
| 09/07/2018 | | 74 | Notice of Appearance *of special counsel Arthur Ortiz* . Filed by Arthur E Ortiz on behalf of The Estate of Edward Anzaldua, The Estate of Christine Tavares. (Ortiz, Arthur) (Entered: 09/07/2018 at 14:02:00) |
| 09/07/2018 | | 75 | Opposition Response to *AHFA's* (Related document(s)71 Motion to Dismiss Adversary Case). Proof of Service. Filed by Arthur E Ortiz on behalf of The Estate of Christine Tavares, The Estate of Edward Anzaldua. (Attachments: # 1 Exhibit Declaration of Ortiz # 2 Exhibit A # 3 Exhibit B # 4 Exhibit C) (Ortiz, Arthur) (Entered: 09/07/2018 at 14:07:52) |
| 09/12/2018 | | 76 | Motion *DEFENDANT'S UNOPPOSED NOTICE OF REQUEST FOR CONTINUANCE* Filed by Stephen J Bumgarner on behalf of Alabama Housing Finance Authority (Bumgarner, Stephen) (Entered: 09/12/2018 at 10:22:27) |
| 09/12/2018 | | | Minutes.: (related document(s): 71 Motion to Dismiss Adversary Case filed by Alabama Housing Finance Authority filed by Stephen J Bumgarner.: Continued Hearing scheduled for 10/04/2018 at 09:30 AM at Judge Barreca's Courtroom, U.S. Courthouse, Room 7106. (KEK) (Entered: 09/12/2018 at 15:15:42) |
| 10/01/2018 | | 77 | Notice of Hearing *Notice to Court of Intent to Argue (Related document(s)71 Defendant's Motion to Dismiss Adversary Case ).* Filed by Stephen J Bumgarner on behalf of Alabama Housing Finance Authority. (Bumgarner, Stephen) (Entered: 10/01/2018 at 12:02:43) |
| 10/01/2018 | | 78 | Reply *In Support Of* (Related document(s)71 Motion to Dismiss Adversary Case). Proof of Service. Filed by Stephen J Bumgarner on behalf of Alabama Housing Finance Authority. (Bumgarner, Stephen) (Entered: 10/01/2018 at 21:20:30) |
| 10/04/2018 | | 79 | PDF with attached Audio File. Court Date & Time [ 10/4/2018 10:51:16 AM ]. File Size [ 26740 KB ]. Run Time [ 01:14:17 ]. (admin). (Entered: 10/04/2018 at 14:02:07) |
| 10/04/2018 | | | Minutes. Hearing Held. Appearances: Arthur Ortiz representing plaintiff; Stephen J. Bumgarner and Lance Olsen representing defendant. (related document(s): 71 Motion to Dismiss Adversary Case filed by Alabama Housing Finance Authority filed by Stephen J Bumgarner.: Matter taken under Advisement. Counsel will be notified with date and time of ruling. Counsel may appear telephonically. (KEK) (Entered: 10/05/2018 at 13:44:08) |
| 10/04/2018 | | | Minutes. (related document(s): 71 Motion to Dismiss Adversary Case filed by Alabama Housing Finance Authority filed by Stephen J Bumgarner. : Oral Ruling scheduled for 10/23/2018 at 02:00 PM at Judge Barreca's Courtroom, U.S. Courthouse, Room 7106. Parties may appear telephonically. (KEK) (Entered: 10/19/2018 at 11:55:36) |
| 10/23/2018 | | | Minutes. Oral Decision Rendered 10/23/2018. Telephonic Particpants: Arthur Ortiz on behalf of Plaintiff; Stephen J. Bumgarner on behalf of Defendant. (related document(s): 71 Motion to Dismiss Adversary Case filed by Alabama Housing Finance Authority) Grant Defendant's Motion to Dismiss with prejudice and without leave to amend. Order referencing this oral ruling to be submitted by counsel for the Defendant. Motion |

| | | | |
|---|---|---|---|
| | | | addressing both dissolving injunction and disposition of funds forthcoming by Defendant. The motion can be scheduled in Seattle and may be special set – but not on shortened time. Notice shall include service on Debtor. If a stipulated order disposing of money is submitted, all parties must sign the order including trustee(s) and Debtor. (SDU) (Entered: 10/24/2018 at 08:02:30) |
| 10/24/2018 | | 80 | PDF with attached Audio File. Court Date & Time [ 10/23/2018 2:01:38 PM ]. File Size [ 12173 KB ]. Run Time [ 00:33:49 ]. (admin). (Entered: 10/24/2018 at 08:31:02) |
| 11/01/2018 | | 81 | Notice of Presentation of Order. Description: *Order on Motion to Dismiss* . Filed by Stephen J Bumgarner on behalf of Alabama Housing Finance Authority. Presentment to be held on 11/1/2018 at 12:45 PM at Judge Barreca's Courtroom, U.S. Courthouse, Room 7106. (Attachments: # 1 Exhibit Proposed Order for Court's Consideration)(Bumgarner, Stephen) (Entered: 11/01/2018 at 11:40:56) |
| 11/06/2018 | | 82 | Received UNSIGNED Order Forwarded to Chambers for Judge's Signature. Filed by Bumgarner, Stephen. Related document 80 (Entered: 11/06/2018 at 16:31:02) |
| 11/07/2018 | | | Audio CD Request. Hearing Date and Time: 10/23/2018 @2:00pm. Other Info: Oral Ruling.. Requested by: Arthur Ortiz, representing the bankruptcy trustees.. *Please notify Bonnie Reed at 206–624–3005 or info@rjwtranscripts.com when disk is ready..* (Transcriber – Strehlo, Bonnie) (Entered: 11/07/2018 at 10:24:46) |
| 11/07/2018 | | 83 | ORDER on Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Related document(s)71 Motion to Dismiss Adversary Case). Case Can Close: 11/28/2018. (PBR) (Entered: 11/07/2018 at 15:25:06) |
| 11/16/2018 | | 84 | Notice of Appearance . Filed by Christina L Henry on behalf of Christine Tavares. (Henry, Christina) (Entered: 11/16/2018 at 13:14:01) |
| 11/20/2018 | | 85 | Transcript regarding Hearing Held 10/23/2018 RE: Oral Ruling before Judge Barreca. Remote electronic access to the transcript is restricted until 02/19/2019. The transcript may be viewed at the Bankruptcy Court Clerk's Office. Contact the Court Reporter/Transcriber Marjorie Jackson, CET @ Reed Jackson Watkins Transcription, 206–624–3005, Telephone number 206.624.3005 or jackson@rjwtranscripts.com.. Notice of Intent to Request Redaction Deadline Due By 11/27/2018. Redaction Request Due By 12/11/2018. Redacted Transcript Submission Due By 12/21/2018. Transcript access will be restricted through 02/19/2019. (Transcriber – Strehlo, Bonnie) (Entered: 11/20/2018 at 13:38:54) |
| 11/20/2018 | | 86 | Motion to Reconsider Order of Dismissal with Notice of Hearing. Filed by Arthur E Ortiz on behalf of Christine Tavares The Hearing date is set for 12/20/2018 at 09:30 AM at Judge Barreca's Courtroom, U.S. Courthouse, Room 7106. Response due by 12/13/2018. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Proposed Order) (Ortiz, Arthur) (Entered: 11/20/2018 at 14:30:31) |
| 12/13/2018 | | 87 | Joint Notice of Hearing *Stipulation of Continuance of Hearing (Related document(s)86 Motion to Reconsider Order of Dismissal ).* Filed by Stephen J Bumgarner on behalf of Alabama Housing Finance Authority. (Bumgarner, Stephen) (Entered: 12/13/2018 at 13:03:32) |

| | | | |
|---|---|---|---|
| 12/14/2018 | | | Minutes. (related document(s): 86 Motion to Reconsider filed by filed by Arthur E Ortiz.: Continued Hearing scheduled for 01/04/2019 at 09:30 AM at Judge Barreca's Courtroom, U.S. Courthouse, Room 7106. (KEK) (Entered: 12/14/2018 at 10:39:44) |
| 12/18/2018 | | 88 | Motion *Motion to Dissolve Injunction and For Disbursement of Funds on Deposit* with Notice of Hearing. Filed by Stephen J Bumgarner on behalf of Alabama Housing Finance Authority The Hearing date is set for 1/4/2019 at 09:30 AM at Judge Barreca's Courtroom, U.S. Courthouse, Room 7106. Response due by 12/28/2018. (Bumgarner, Stephen) (Entered: 12/18/2018 at 11:43:30) |
| 12/18/2018 | | 89 | Motion *Amended Motion to Dissolve Injunction and For Disbursement of Funds* with Notice of Hearing. Filed by Stephen J Bumgarner on behalf of Alabama Housing Finance Authority The Hearing date is set for 1/4/2019 at 09:30 AM at Judge Barreca's Courtroom, U.S. Courthouse, Room 7106. Response due by 12/28/2018. (Bumgarner, Stephen) (Entered: 12/18/2018 at 12:16:57) |
| 12/21/2018 | | 90 | ORDER Denying Motion for Reconsideration (Related Doc # 86) . (RQC) (Entered: 12/21/2018 at 15:50:12) |
| 12/28/2018 | | | Notice to Court of Intent to Argue. Date of Hearing: 1/4/2018. Filed by Lance E Olsen on behalf of Alabama Housing Finance Authority. (Related document(s)86 Motion to Reconsider, 87 Hearing Notice, Minutes Hearing Held, 89 Motion). (Olsen, Lance) (Entered: 12/28/2018 at 10:27:49) |
| 01/02/2019 | | 91 | Notice of Presentation of Order. Description: *Order on Motion to Dissolve Injunction and Fund Disbursement* . Filed by Stephen J Bumgarner on behalf of Alabama Housing Finance Authority. Presentment to be held on 1/4/2019 at 09:30 AM at Judge Barreca's Courtroom, U.S. Courthouse, Room 7106. (Bumgarner, Stephen) (Entered: 01/02/2019 at 11:49:31) |
| 01/03/2019 | | 92 | Received UNSIGNED Order Forwarded to Chambers for Judge's Signature. Filed by Bumgarner, Stephen. Related document 89 (Entered: 01/03/2019 at 07:30:02) |
| 01/03/2019 | | 93 | ORDER on Defendant's Amended Motion to Dissolve Injunction and For Disbursement of Funds (Related Doc # 89) . (RQC) (Entered: 01/03/2019 at 11:47:46) |
| 01/03/2019 | | 94 | Letter To and Subject: *Request for approval of telephonic appearance* (Related document(s)90 Order Re Motion to Reconsider). Filed by Arthur E Ortiz on behalf of Courtesy NEF. (Ortiz, Arthur) (Entered: 01/03/2019 at 11:49:32) |
| 01/03/2019 | | 95 | Letter From Chambers To: Arthur Ortiz granting permission to appear by telephone at hearing. (Related document(s)86 Motion to Reconsider, Minutes Hearing Held, 94 Letter from Attorney re Adversary Case). (VED) (Entered: 01/03/2019 at 13:15:52) |
| 01/04/2019 | | | Minutes. Hearing Not Held. No Appearances. (related document(s): 88 Motion to Dissolve Injunction and For Disbursement of Funds on Deposit filed by Stephen J Bumgarner.: Order entered. (KEK) (Entered: 01/04/2019 at 08:43:58) |
| 01/04/2019 | | | |

| | | | |
|---|---|---|---|
| | | | Minutes. Hearing Not Held. No Appearances. (related document(s): 91 Notice of Presentation of Order filed by Stephen J Bumgarner.: Order entered on 1.3.19. (KEK) (Entered: 01/04/2019 at 08:44:49) |
| 01/04/2019 | | 96 | PDF with attached Audio File. Court Date & Time [ 1/4/2019 9:35:46 AM ]. File Size [ 2893 KB ]. Run Time [ 00:08:02 ]. (admin). (Entered: 01/04/2019 at 11:02:02) |
| 01/04/2019 | | | Minutes. Hearing Held. Appearances: Arthur E. Ortiz representing plaintiff; Lance Olsen representing defendant. (related document(s): 86 Motion to Reconsider filed by Christine Tavares filed by Arthur E Ortiz.: Substitution of parties is approved. (KEK) (Entered: 01/04/2019 at 11:19:06) |
| 01/04/2019 | | 97 | Received UNSIGNED Order Forwarded to Chambers for Judge's Signature. Filed by Ortiz, Arthur. Related document 90 (Entered: 01/04/2019 at 16:02:02) |
| 01/04/2019 | | 98 | ORDER Granting Plaintiff's Motion for Substitution of Parties (Related document(s)86 Motion to Reconsider). (RAO) (Entered: 01/04/2019 at 16:39:07) |
| 01/04/2019 | | 99 | Notice of Appeal and Statement of Election to District Court.. Fee Due $ 298 (Related document(s)90 Order Re Motion to Reconsider). Filed by Arthur E Ortiz on behalf of Courtesy NEF. Record Transmission due by 02/1/2019, (Attachments: # 1 Exhibit A # 2 Exhibit B)(Ortiz, Arthur) Internal Appeal #19–S001, USDC Appeal #19–CV–20RAJ. Modified on 1/7/2019 (PBR). (Entered: 01/04/2019 at 16:46:37) |
| 01/04/2019 | | | Receipt of filing fee for Notice of Appeal and Statement of Election(18–01002–MLB) [appeal,ntcaplel] ( 298.00). Receipt number 25342546. Fee amount $ 298.00. (U.S. Treasury) (Entered: 01/04/2019 at 16:49:25) |
| 01/07/2019 | | 100 | WAW internal appeal #: 19–S001. Bankruptcy Case #16–14901. Adversary Case #18–01002–MLB . Date of Transmittal to USDC and Service to Parties: 1/7/2019. Bankruptcy Judge: Marc L Barreca. Date notice of appeal filed: 1/4/2019. Date of entry of order being appealed: 12/21/2018. Appeal filing fee paid: Yes. Date bankruptcy filed: 18–01002–MLB. Pro se parties: . Motion for leave to appeal: . Related cross appeal(s): .<br><br>Notice of Transmittal of Appeal to USDC. A Notice of Appeal has been filed by Arthur E Ortiz with the Clerk of the U.S. Bankruptcy Court. The U.S. Bankruptcy Court has assigned an internal appeal number of 19–S001. Any further documents related to the appeal must include this internal number. Refer to Fed. R. Bankr. P. 8006 and LBR 8006–1; Fed. R. Bankr. P. 8009(b)(1) through (8). Transcript requests should be directed to one of the Approved Transcription Agencies posted on the court website at www.wawb.uscourts.gov. Note: a cross–appeal has its own fee and will receive its own internal case number . (PBR) (Entered: 01/07/2019 at 17:07:16) |

**Below is the Order of the Court.**



**Marc Barreca**
**U.S. Bankruptcy Judge**
**(Dated as of Entered on Docket date above)**

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re | |
| | Bankruptcy Case No. 16-14901-MLB |
| Christine Tavares, | |
| Debtor. | |
| | |
| Christine Tavares, | |
| Plaintiff, | Adversary Case No. 18-01002-MLB |
| -vs.- | **ORDER ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| Alabama Housing Finance Authority, a foreign public corporation doing business in Washington as ServiSolutions, | |
| Defendant. | |

This matter came before the Court on Defendant Alabama Housing Finance Authority's ("Defendant") Motion to Dismiss the Plaintiff Christine Tavares' ("Plaintiff") Second Amended Complaint, pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*.  (Dkt. No. 71). Plaintiff is the Debtor in Bankruptcy Case No. 16-14901-MLB.  Plaintiff's Second Amended Complaint asserts that the Defendant committed various bad acts in violation of the Washington Consumer Protection Act, RCW ch. 19.86  *et seq.* ("CPA").  (Dkt. No. 69).  The Second

ORDER ON DEFENDANT'S MOTION TO DISMISS - 1

1
2
Amended Complaint alleges that the Defendant committed five (5) bad acts in violation of the CPA.

3
4
5
6
7
8
9
10
11
On October 4, 2018, the Court heard oral argument on the Defendant's Motion to Dismiss the Plaintiff's Second Amended Complaint and, thereafter, took the matter under advisement. Having considered the relevant pleadings, the argument of counsel, the applicable legal authority, and being fully advised for these reasons, the Court issued its Oral Ruling (Dkt. No. 80) on the Defendant's Motion to Dismiss the Second Amended Complaint on October 23, 2018.  For all the reasons detailed in the Court's Oral Ruling (Dkt. No 80), which are expressly incorporated as set forth herein, the Court GRANTS the Defendant's Motion to Dismiss. Accordingly, it is hereby ORDERED that Plaintiff's Second Amended Complaint is DISMISSED WITH PREJUDICE, without leave to amend.

12
13
14
15
The Court will retain jurisdiction over the Plaintiff's Adversary Proceeding for the limited purposes of addressing whether to dissolve the temporary restraining order enjoining a foreclosure sale of the underlying property as well as the distribution of the funds on deposit with the Clerk of Court, U.S. District Court for the Western District of Washington (Seattle).

16
17
18
19
20
21
22
23
24
25
26

/// End of Order ///

ORDER ON DEFENDANT'S MOTION TO DISMISS - 2

**Below is the Order of the Court.**

**Marc Barreca**
**U.S. Bankruptcy Judge**
**(Dated as of Entered on Docket date above)**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re<br><br>Christine Tavares,<br><br>              Debtor. | Bankruptcy Case No. 16-14901-MLB |
| Christine Tavares<br><br>              Plaintiff,<br>    v.<br><br>Alabama Housing Finance Authority,<br><br>              Defendant. | Adversary No.  18-01002-MLB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

     This matter came before me on Plaintiff's motion for reconsideration (Dkt. No. 86, the "Motion for Reconsideration"), seeking reconsideration of my Order on Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. No. 83).[1]

     I considered the pleadings and files herein pursuant to Federal Rule of Bankruptcy Procedure ("Fed. R. Bankr. P.") 9023, Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 59(e),

---

[1] Plaintiff did not comply with Local Bankruptcy Rule 9013-1(h) and Local Civil Rule 7(h).  The motion should not have been noted for hearing. In accordance with the local rules, I determine that a response from the Defendant is not necessary and I will therefore rule on the Motion for Reconsideration prior to the hearing date.

Page 1 of  3

1   Local Bankruptcy Rule for the Western District of Washington ("Local Bankruptcy Rule") 9013-

2   1(h) and Local Civil Rule for the U.S. District Court for the Western District of Washington

3   ("Local Civil Rule") 7(h).[2]

4

5        **Standard for Reconsideration**

6        "The Bankruptcy Code does not contemplate motions for reconsideration; rather such

7   motions are treated as motions to alter or amend judgment under Fed. R. Civ. P. 59(e), made

8   applicable by Bankruptcy Rule 9023." *In re Ball*, 2008 Bankr. LEXIS 4745, at *19 (9th Cir.

9   B.A.P. 2008) (unpublished); *see also In re America West Airlines*, 240 B.R. 34 , 38 (Bankr. D.

10  Ariz. 1999). Local Bankruptcy Rule 9013-1(h) provides that Local Civil Rule 7(h) governs

11  motions for reconsideration. Local Civil Rule 7(h) provides that:

12       Motions for reconsideration are disfavored. The court will ordinarily deny such
         motions in the absence of a showing of manifest error in the prior ruling or a
13       showing of new facts or legal authority which could not have been brought to its
         attention earlier with reasonable diligence.
14

15  Local Rules, W.D. Wash. CR 7(h)

16       **Analysis**

17       Plaintiff has not demonstrated manifest error in my prior ruling or provided a showing of

18  new facts or legal authority which could not have been earlier brought to my attention. In

19  general, Plaintiff reiterates the same arguments made on Defendant's Motion to Dismiss (Dkt.

20  No. 71). In particular, Plaintiff does not point to any new facts or legal authority to suggest that

21  Defendant improperly denied the requested loan modification given the Federal Housing

22  Administration's ("FHA") guidelines on loss mitigation referenced in the complaint, which

23  require financial information for all borrowers.

24       Moreover, I recognize that Plaintiff was placed in a difficult position due to the alleged

25  no contact order between Plaintiff and Mr. Anzaldua. However, Plaintiff has not provided any

26

27       [2] I construe the instant Motion for Reconsideration to have arisen under Fed. R. Bankr. P.
28  9023. To the extent it could have been construed as a motion under Fed. R. Bankr. P. 9024, the
    analysis set forth herein is equally applicable.

Page 2 of 3

1   new facts or legal authority to support the implied proposition that Defendant was required to

2   ignore FHA guidelines in light of Plaintiff's unique circumstances.

3          NOW, THEREFORE, for the foregoing reasons, Plaintiff's Motion for Reconsideration is

4   DENIED.[3]

5

6                                   /// END OF ORDER ///

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27          [3] I do not address the motion for substitution of parties, which Plaintiff included with the

28   improperly noted Motion for Reconsideration.  The parties may be heard on the motion for
     substitution at hearing on January 4, 2019.

                                   Page 3 of  3

1

2

3

4

5

6

7  Arthur E. Ortiz, WSBA No. 26676
   Email: arthur@aeolegal.com
8  The Law Office of Arthur E. Ortiz
   6015 California Ave. S.W., No. 203
   Seattle, WA 98136
9  Tel.: (206) 898-5704

10              IN THE UNITED STATES BANKRUPTCY COURT
                FOR THE WESTERN DISTRICT OF WASHINGTON
11                             AT SEATTLE

12  | In re | |
13  | | |
14  | CHRISTINE TAVARES, and | Bankruptcy Case No.s  16-14901-MLB |
    | EDWARD ANZALDUA, | 16-15970-MLB |
15  | | |
    | Debtors, | |
16  | | |
17  | MICHAEL KLEIN, as Trustee for the | Adversary Case No. 18-01002-MLB |
    | Bankruptcy Estate of Edward Anzaldua, and | |
18  | DENNIS LEE BURMAN, as Trustee for the | |
    | Bankruptcy Estate of Edward Anzaldua | |
19  | | |
    | Plaintiffs, | NOTICE OF APPEAL |
20  | | AND STATEMENT OF ELECTION |
    | vs. | |
21  | | |
    | ALABAMA HOUSING FINANCE AUTHORITY, | |
22  | a foreign public corporation doing business in | |
    | Washington as SERVISOLUTIONS | |
23  | | |
    | Defendant | |

24

25

26  **NOTICE OF APPEAL & ELECTION TO HAVE**          ARTHUR  E. ORTIZ, ATTORNEY
    **APPEAL HEARD BY U.S. DISTRICT COURT**          6015 CALIFORNIA AVE. S.W., NO. 203
                                                     SEATTLE, WASHINGTON 98136
                                                     TEL 206-898-5704     arthur@aeolegal.com
    Page - 1

# NOTICE OF APPEAL

In their capacity as the trustees for the above mentioned bankruptcy estates, Mr. Michael Klein and Mr. Dennis Lee Burman, plaintiffs, appeal under 28 U.S.C.§158(a)(1) from the Order on Defendant's Motion to Dismiss Plaintiffs Second Amended Complaint (Dkt. No. 83), and the order denying plaintiffs' motion to alter the judgment under Rue 9023, (Dkt. No. 90) entered in this adversary proceeding on December 21, 2018. A copy of both orders appealed from is attached hereto at Exhibit A and B.[1]

The names of all parties to the final judgment and the names, addresses, and telephone numbers of their respective attorneys are as follows:

Defendant:
Alabama Housing Finance Authority
7460 Halcyon Pointe Drive, Suite 200
Montgomery, AL 36117

Defendant's Counsel:
Stephen J. Baumgarner, *Pro Hac Vice*
Bar No. 2089M66S
Maynard Cooper & Gale, P.C.
1901 Sixth Ave., N., Ste. 2400
Birmingham, AL 35203
Telephone: (205) 254-1000

Defendant's Counsel:
Lance Olsen
McCarthy Holthus
108 1st Ave. S., Ste. 300
Seattle, WA 98104-2104
Telephone: (206) 596-4843

Bankruptcy Counsel for the Tavares Estate:
Rory Livesay
The Livesay Law Firm
600 Stewart St., Ste. 1908
Seattle, WA 98101
Telephone: (206) 441-0826

Bankruptcy Counsel for the Anzaldua Estate:
Peter H. Arkison
Law Offices of Peter H. Arkison
103 E. Holly Street, Ste 502
Bellingham, WA 98225-4728
Telephone: (360) 671-0300

Counsel for Debtor Christine Tavares:
Christina Henry
Henry & DeGraaff, P.S.
150 Nickerson St., Ste 311
Seattle, WA 98109
(206) 330-0595

Adv. Pro. Counsel for the Trustees:
Arthur Ortiz
The Law Office of Arthur Ortiz
6015 California Ave. S.W., No. 203
Seattle, WA 98136
(206) 898-5704

---

[1] *See* FRBP 8002(b)(1)(A-B) the time to file an appeal runs 14 days from the entry disposing of the last motion under Rule 8002 (b)(1)(A-D).

**NOTICE OF APPEAL & ELECTION TO HAVE
APPEAL HEARD BY U.S. DISTRICT COURT**
Page - 2

ARTHUR  E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704    arthur@aeolegal.com

1

2

**STATEMENT OF ELECTION**

The Plaintiff Bankruptcy Trustees, Messrs. Klein and Burman, elect to have said Appeal,

from the bankruptcy Court's orders dismissing the adversarial proceeding, heard and decided by

the District Court rather than by the Bankruptcy Appellate Panel. Such election is made pursuant

to 28 U.S.C. §158(c)(1)(B) and BR 8001. This adversarial proceeding originated as a lawsuit in

District Court with cause number C17-1599-MJP.

Dated this 4th day of January, 2019

The Law Office of Arthur Ortiz

_____
Arthur E. Ortiz, WSBA No. 26676
Adv. Pro. Counsel for the Trustees

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**NOTICE OF APPEAL & ELECTION TO HAVE
APPEAL HEARD BY U.S. DISTRICT COURT**

Page - 3

CERTIFICATE OF SERVICE

I hereby certify that on the fourth day of January, 2019, I caused to be electronically filed

the foregoing PLAINTIFFS' NOTICE OF APPEAL AND STATEMENT OF ELECTION with the

Clerk of the Court using the CM/ECF System which will send notification of such filing to the

following:

Stephen J. Baumgarner, *Pro Hac Vice*
Bar No. 2089M66S
Maynard Cooper & Gale, P.C.
1901 Sixth Ave., N., Ste. 2400
Birmingham, AL 35203
Telephone: (205) 254-1000
sbumgarner@maynardcooper.com
*Of Counsel for defendant, Alabama Housing
Finance Authority, d.b.a ServiSolutions*

Lance Olsen
McCarthy Holthus
108 1st Ave. S., Ste. 300
Seattle, WA 98104-2104
Telephone: (206) 596-4843
Facsimile: (206) 780-6862
*Attorney for defendant, Alabama Housing
Finance Authority, d.b.a ServiSolutions*

Rory Livesay
The Livesay Law Firm
600 Stewart St., Ste. 1908
Seattle, WA 98101
Telephone: (206) 441-0826
rory@liveslaw.com
*Attorney for the Estate of Christine Tavares*

Peter H. Arkison
Law Offices of Peter H. Arkison
103 E. Holly Street, Ste 502
Bellingham, WA 98225-4728
Telephone: (360) 671-0300
peter@arkison.com
*Attorney for the Estate of Edward Anzaldua*

Christina Henry
Henry & DeGraaff, P.S.
150 Nickerson St., Ste 311
Seattle, WA 98109
(206) 330-0595
chenry@hdm-legal.com
*Attorney for Debtor, Christine Tavares*

I declare the foregoing is true and correct.

DATED this 4th day of January, 2019 in Seattle, King County, Washington.

_____
Arthur E. Ortiz, WSBA No. 26676
Adv. Pro. Counsel for the Trustees

NOTICE OF APPEAL & ELECTION TO HAVE
APPEAL HEARD BY U.S. DISTRICT COURT

Page - 4

ARTHUR  E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., No. 203
SEATTLE, WASHINGTON  98136
TEL 206-898-5704    arthur@aeolegal.com

# Exhibit A

Order on Defendant's Motion to Dismiss, entered November 7, 2018.

Oral Ruling on Defendant's Motion to Dismiss, of October 23, 2018.

**Below is the Order of the Court.**



**Marc Barreca**
**U.S. Bankruptcy Judge**
**(Dated as of Entered on Docket date above)**

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| In re<br><br>Christine Tavares,<br><br>    Debtor.<br>――――――――――――――<br>Christine Tavares,<br><br>    Plaintiff,<br><br>-vs.-<br><br>Alabama Housing Finance Authority, a foreign public corporation doing business in Washington as ServiSolutions,<br><br>    Defendant. | Bankruptcy Case No. 16-14901-MLB<br><br><br><br><br><br>Adversary Case No. 18-01002-MLB<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |

This matter came before the Court on Defendant Alabama Housing Finance Authority's ("Defendant") Motion to Dismiss the Plaintiff Christine Tavares' ("Plaintiff") Second Amended Complaint, pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*. (Dkt. No. 71). Plaintiff is the Debtor in Bankruptcy Case No. 16-14901-MLB. Plaintiff's Second Amended Complaint asserts that the Defendant committed various bad acts in violation of the Washington Consumer Protection Act, RCW ch. 19.86 *et seq.* ("CPA"). (Dkt. No. 69). The Second

ORDER ON DEFENDANT'S MOTION TO DISMISS - 1

Case 18-01002-MLB   Doc 99-1   Filed 01/04/19   Ent. 01/04/19 16:46:37   Pg. 2 of 26
Case 18-01002-MLB   Doc 83   Filed 11/07/18   Ent. 11/07/18 15:25:06   Pg. 1 of 2

25

Amended Complaint alleges that the Defendant committed five (5) bad acts in violation of the CPA.

On October 4, 2018, the Court heard oral argument on the Defendant's Motion to Dismiss the Plaintiff's Second Amended Complaint and, thereafter, took the matter under advisement. Having considered the relevant pleadings, the argument of counsel, the applicable legal authority, and being fully advised for these reasons, the Court issued its Oral Ruling (Dkt. No. 80) on the Defendant's Motion to Dismiss the Second Amended Complaint on October 23, 2018.  For all the reasons detailed in the Court's Oral Ruling (Dkt. No 80), which are expressly incorporated as set forth herein, the Court GRANTS the Defendant's Motion to Dismiss. Accordingly, it is hereby ORDERED that Plaintiff's Second Amended Complaint is DISMISSED WITH PREJUDICE, without leave to amend.

The Court will retain jurisdiction over the Plaintiff's Adversary Proceeding for the limited purposes of addressing whether to dissolve the temporary restraining order enjoining a foreclosure sale of the underlying property as well as the distribution of the funds on deposit with the Clerk of Court, U.S. District Court for the Western District of Washington (Seattle).

/// End of Order ///

ORDER ON DEFENDANT'S MOTION TO DISMISS - 2

```
 1              UNITED STATES BANKRUPTCY COURT

 2           FOR THE WESTERN DISTRICT OF WASHINGTON

 3    -------------------------------------------------------------

 4    In re:                    )

 5    CHRISTINE G TAVARES,       ) Case No. 16-14901-MLB

 6         Debtor.              ) Adversary Case No. 18-01002-MLB

 7    ------------------------- )

 8    CHRISTINE TAVARES,         )

 9         Plaintiff,           )

10    v.                        )

11    ALABAMA HOUSING FINANCE    )

12    AUTHORITY,                )

13         Defendant.           )

14    -------------------------------------------------------------

15                        ORAL RULING

16                      October 23, 2018

17            The Honorable Marc Barreca Presiding

18    -------------------------------------------------------------

19

20

21

22

23    Transcribed by:  Marjorie Jackson, CET

24                     Reed Jackson Watkins, LLC

25                     206.624.3005
```

1                        A P P E A R A N C E S

2

3

4     ON BEHALF OF THE TRUSTEE FOR THE ESTATES OF ANZALDUA AND

5     TAVARES:

6     ARTHUR E. ORTIZ

7     Law Office of Arthur Ortiz

8     6015 California Avenue SW, No. 203

9     Seattle, Washington 98136

10

11    ON BEHALF OF ALABAMA HOUSING FINANCE AUTHORITY:

12    STEPHEN J. BUMGARNER

13    Maynard Cooper and Gale

14    1901 Sixth Ave North

15    2400 Regions/Harbert Plaza

16    Birmingham, Alabama 35203

17

18

19

20

21

22

23

24

25

1                              -o0o-

2                         October 23, 2018

3

4        MR. ORTIZ:  Judge, this is Arthur Ortiz representing the

5    trustee for the estates of Anzaldua and Tavares.

6        MR. BUMGARNER:  Your Honor, Steven Bumgarner for Alabama

7    Housing Finance Authority.

8        THE COURT:  Excellent.  And this is the time I have set

9    to announce my decision on the current motion to dismiss by

10   Alabama Housing Finance Authority in Tavares vs. Alabama

11   Housing, 18-1002.  I am going to read the ruling straight

12   through, and then I want to have some colloquy at the end

13   about some remaining issues.

14       This matter is before me on Defendant's Third Motion to

15   Dismiss pursuant to FRCP 12(b)(6).  Plaintiff is the debtor

16   in Bankruptcy Case No. 16-14901.

17       Plaintiff's Seconded Amended Complaint at Docket No. 69

18   asserts that Defendant engaged in various bad acts in

19   violation of the Washington Consumer Protection Act under

20   RCW 19.86, et seq, hereafter the "CPA."

21       The second amended complaint alleges the following five

22   bad acts:

23       (1)  Defendants failed to "timely use its partial claim

24   against FHA's mutual mortgage insurance," and "apply

25   proceeds to cure Plaintiff's default."

1  (2)  Defendant evaded a "real review" of Plaintiff's

2  application for a loan modification.

3  (3)  Defendant misled Plaintiff with conflicting

4  directives regarding whether her ex-boyfriend needed to sign

5  a quitclaim deed.

6  (4)  Defendant discouraged the use of an HUD-approved

7  housing counselor, and;

8  (5)  Defendant failed to account for Plaintiff's monthly

9  child support payments in its income calculation.

10  It appears that the second and fifth alleged bad actions

11  are substantially similar, as they both involve Defendant's

12  failure to incorporate Plaintiff's child support income into

13  its calculations.  I consolidate these two allegations in my

14  analysis.

15  I heard oral argument on October 4, 2018 and took the

16  matter under advisement.  Having considered the relevant

17  pleadings and the arguments of counsel and otherwise being

18  fully advised, I grant the motion to dismiss with prejudice.

19  Jurisdiction.

20  28 U.S.C. Section 157(c)(1) provides that the Bankruptcy

21  Court "may hear a proceeding that is not a core proceeding

22  but that is otherwise related to a case under Title 11."  A

23  proceeding is related to a bankruptcy when the outcome of

24  the proceeding could conceivably affect the estate being

25  administered in bankruptcy.  See In Re Marshall 600 F.3d

1  1037, 1055 (9th Cir. 2010).

2      Arthur Ortiz, former counsel for Plaintiff and current

3  counsel for the bankruptcy trustees of the Christine Tavares

4  and Eduardo Anzaldua estates asserts that the cause of

5  action set forth in the second amended complaint is property

6  of both bankruptcy estates and that any future recovery will

7  benefit them.  I therefore have related-to jurisdiction over

8  the subject matter of this adversary proceeding pursuant to

9  28 U.S.C. Section 157(c) and 1334.

10     Neither party has objected to my rendering a final

11 adjudication on this motion to dismiss or the defendant's

12 prior motion to dismiss.  I construe this as consent to

13 final adjudication at least for purposes of this motion to

14 dismiss.

15     Moreover, even in a non-core proceeding, bankruptcy

16 courts may issue final rulings on pretrial matters including

17 claim-dispositive motions that do not require factual

18 findings.  See Solution Trust v. 2100 Grand, LLC, 547 B.R.

19 831, 839 (Bankr. C.D. Cal. 2016), citing Executive Benefits

20 Ins. Agency v. Arkison, 134 S.Ct. 2165 (2014).

21     Standing.

22     Federal Rule of Civil Procedure 17(a)(1) provides that,

23 "An action must be prosecuted in the name of the real party

24 in interest."  After filing a Chapter 7 bankruptcy petition,

25 a debtor may not prosecute a cause of action belonging to an

1    estate because the bankruptcy trustee is the real party in

2    interest with respect to such claims.  See Cobb vs. Aurora

3    Loan Services, LLC, 408 B.R. 351, 354 (E.D. Cal. 2009).

4    Based on Counsel's assertion that the causes of action are

5    property of the bankruptcy estate -- that's Plaintiff's

6    counsel's assertion; although now apparently is representing

7    the trustees.  There isn't a named plaintiff, but regardless

8    of that I think that the counsel acting originally for Ms.

9    Tavares and now assertedly acting for the trustees has the

10   ability to bind the original plaintiff.

11       Plaintiff lacks standing to prosecute this lawsuit.

12       Federal Rule of Civil Procedure 17(a)(3) provides that a

13   court may not dismiss an action for failure to name the real

14   party in interest until after an objection and a reasonable

15   time has been allowed for the real party in interest to be

16   joined or substituted.  Although I would ordinarily allow

17   for substitution of the real party in interest, here I will

18   not do so because I am otherwise dismissing the claims on

19   their merits without leave to amend.

20       Factual allegations.

21       The second amended complaint sets forth the following

22   factual allegations:

23       In March 2014, Plaintiff and her then-domestic partner,

24   hereafter the "co-borrower," purchased a home located at

25   4704 Mount Baker Loop, Mount Vernon, Washington, financing

1    it through an FHA-insured loan.  Plaintiff and the

2    co-borrower made timely payments during the following year.

3    In late 2015 after allegations that the co-borrower sexually

4    abused one of Plaintiff's daughters, the co-borrower moved

5    out of the house but continued to make payments until

6    approximately April of 2016 when he began paying monthly

7    child support instead.

8        In June 2016, Plaintiff became burdened by credit card

9    debt.  She attempted to make a partial payment and which

10   Defendant refused to accept.  Around that same time, she

11   contacted Defendant requesting a loan modification.

12   Defendant told Plaintiff that if the co-borrower was no

13   longer a resident borrower, the co-borrower would need to

14   sign a quitclaim deed in order for the loan modification to

15   be processed.

16       On September 26, 2016, Plaintiff filed a Chapter 7

17   bankruptcy petition.  In May 2017, after granting Defendant

18   relief from stay, Plaintiff engaged a housing counselor to

19   help her apply for a loan modification.  Defendant

20   discouraged her use of housing counselors and told her it

21   would be much easier to obtain a loan modification without

22   the "middleman."

23       Nevertheless, Plaintiff continued to use a housing

24   counselor and on June 15, 2017, submitted a completed

25   application.  Defendant "never responded to the application

1   other than to deny the use of child support in the

2   calculation of Ms. Tavares's income."

3      The second amended complaint further provides that but

4   for the denial of the child support income, Plaintiff would

5   have qualified for the HAMP loan modification.

6      Again, on September 6, 2017, Plaintiff submitted a second

7   application to modify her loan, which was denied in a letter

8   dated October 3, 2017.

9      Procedural background.

10      In November 2016, I granted Defendant's uncontested

11   motion for relief from stay.

12      In October 2017, Defendant pursued a nonjudicial

13   foreclosure, and Plaintiff filed a lawsuit in District

14   Court, seeking both an injunction prohibiting the sale and

15   the recovery of damages.

16      After defendant filed a motion to dismiss, Judge Pechman

17   granted Plaintiff leave to amend and referred the case to

18   this bankruptcy court for all pretrial proceedings.

19      After receiving the referral from Judge Pechman,

20   Defendant again moved the Court for dismissal.  I granted

21   Defendant's Motion to Dismiss and granted Plaintiff her

22   second opportunity to amend her complaint.

23      Facts not in the complaint.

24      Defendant attaches several exhibits in support of its

25   motion to dismiss which raise factual assertions not

1    specifically referenced in or attached to the second amended

2    complaint.  Defendant submits the October 3rd, 2017 letter

3    denying Plaintiff's application for a loan modification,

4    hereafter the "denial letter," Docket No. 71 at Exhibit 8.

5    Paragraph 5 of the denial letter provides, "HAMP loan

6    modification with partial claim:  Requires that the

7    $2,134.48 HAMP payment at $89,921.44 max claim not exceed 40

8    percent of the $5,122.50 gross income.  The payment exceeds

9    the gross by 41.67 percent and results in $203.89 negative

10   surplus.  This program also requires all borrower income and

11   clear title."

12       Defendant also supports the motion to dismiss with

13   reference to page 599 of the FHA Single Family Housing

14   Policy Handbook, hereafter the "FHA Handbook," which

15   provides.

16       "Borrower Income:  For purposes of a loss mitigation

17   analysis, borrower income must include:

18       "- The income of each borrower who is occupying or not

19   occupying the property; and."  See Docket No. 71 at

20   Exhibit 9.

21       Although neither the denial letter nor the FHA Handbook

22   appear in the second amended complaint, Plaintiff does

23   reference them in her pleading.  The plaintiff refers to the

24   denial letter on page 6 and 9 of the second amended

25   complaint, citing the letter for the proposition that her

1      application for a loan modification was wrongfully denied.

2      Plaintiff refers to pages 600, 601, 619, 626, 627 in the FHA

3      Handbook, citing it for the proposition that she satisfies

4      the FHA guidelines for a loan modification and that

5      therefore denial of her application under HAMP was unfair.

6          In the Ninth Circuit, documents whose contents are

7      alleged in a complaint and whose authenticity no party

8      questions but which are not physically attached to the

9      pleading may be considered in ruling on a Rule 12(b)(6)

10     motion to dismiss.  Such consideration does not convert the

11     motion to dismiss into a motion for summary judgment.  See

12     Branch vs. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994),

13     overruled on other grounds by Galbraith vs. County of Santa

14     Clara, 307 F.3d 1119 (9th Cir. 2002).  See also In Re

15     Dufrane, 566 B.R. 28 at 33 (Bankr. C.D. Cal. 2017).

16         Here, the second amended complaint refers to the denial

17     and the eligibility requirements cited in the FHA Handbook.

18     The authenticity of these documents are not in question, and

19     they are central to Plaintiff's claim.  Accordingly, I will

20     treat the documents as part of the second amended complaint.

21         Law and analysis.

22         Rule 12(b)(6) provides that a complaint must be dismissed

23     if it fails to state a claim upon which relief can be

24     granted.  In order to survive a motion to dismiss for

25     failure to state a claim, a party must allege "sufficient

1   factual matter accepted as true to state a claim to relief

2   that is plausible on its face."  Ashcroft vs. Iqbal, 556

3   U.S. 662, 678 (2009).  "A claim has facial plausibility when

4   the plaintiff pleads factual content that allows the court

5   to draw the reasonable inference that the defendant is

6   liable for the misconduct alleged."  Id.  "In reviewing a

7   dismissal for failure to state a claim, all well-pleaded

8   allegations of material fact in the complaint are accepted

9   as true and construed in the light most favorable to the

10  non-moving party."  In Re Fitness Holdings International,

11  714 F.3d 1141, 1144-45 (9th Cir. 2013).

12      CPA.

13      Plaintiff asserts that Defendant violated the CPA as a

14  result of various bad acts in connection with her attempt to

15  modify her loan.  In order to recover under the CPA, a

16  plaintiff must prove:

17      "(1)  An unfair or deceptive act or practice;

18      "(2)  Occurring in trade or commerce;

19      "(3)  A public interest impact;

20      "(4)  Injury to plaintiff in his or her business or

21  property, and;

22      "(5)  Causation."

23      Hangman Ridge Training Stables vs. Safeco Title Insurance

24  Company, 105 Wn.2d 778, 780 (1986).  I will address each of

25  Defendant's alleged bad acts independently.

1      (1)   Failure to apply mortgage insurance proceeds.

2   Plaintiff asserts the Defendant failed to "use its partial

3   claim against FHA's mutual mortgage insurance" and that

4   Defendant failed to cure Plaintiff's default by not applying

5   insurance proceeds.   Beyond these conclusory allegations,

6   the only other mention of mortgage insurance is in

7   footnote 1 on page 4 of the second amended complaint in

8   which Plaintiff attempts to explain how FHA mortgage

9   insurance works.

10      Plaintiff asserts that Defendant could have applied the

11   proceeds of a partial claim to reinstate Plaintiff's loan,

12   but she does not plead facts which would allow a reasonable

13   inference that Defendant had an obligation to do so, that

14   Defendant had the ability to make the claim or that

15   Defendant's actions resulted in injury to the plaintiff.

16      Furthermore, it appears Plaintiff would not have

17   qualified for a HAMP loan modification with a partial claim,

18   given the program's requirement that the applicant provide

19   documentation for all borrowers' income.   See Beach vs.

20   Sec'y of HUD, 2018 U.S. Dist. LEXIS 53964 at 6-7, (S.D. Ohio

21   Mar. 30, 2018), discussing partial claims under FHA-insured

22   mortgages and explaining that under CFR Section 203.371(c)

23   the borrower must execute a mortgage in favor of HUD with

24   terms and conditions acceptable to HUD for the amount of the

25   partial claims.   See also excerpt from the FHA Handbook at

1    page 599, "For purposes of a loss mitigation analysis,

2    including FHA-HAMP loan modifications with partial claims,

3    borrower income must include all occupant and non-occupant

4    borrowers."  See also denial letter at paragraph 4, "This

5    program also requires income from all occupant/non-occupant

6    borrowers on the note."  And paragraph 5, "This program also

7    requires all borrower income and clear title."

8        (2)  Quitclaim deed.

9        Plaintiff asserts that Defendant misled Ms. Tavares with

10    conflicting directives regarding whether the co-borrower

11    needed to sign a quitclaim deed.  However, Plaintiff fails

12    to allege facts that would show any injury or damages.  Even

13    if it's true that Defendant misled Plaintiff, it's unclear

14    what effect, if any, the misdirection had on Plaintiff's

15    application, as the requested loan modification was not

16    denied for failure to obtain the quitclaim deed, but rather

17    it was denied for other reasons set forth in the denial

18    letter.

19        (3)  Use of a housing counselor.

20        Plaintiff asserts that Defendant conducted a deceptive or

21    unfair bad act by discouraging the use of HUD-approved

22    housing counselors.  Despite this allegation, Plaintiff

23    nonetheless used a housing counselor to submit her

24    application.  Plaintiff pleads no other facts in the second

25    amended complaint which would indicate any harm or injury

1    caused from this alleged action.

2        (4)   Denial of the loan modification.

3        Plaintiff generally asserts that the defendant violated

4    the CPA by denying her modification requests when she

5    otherwise met the requirements for loan modification under

6    HAMP.   More specifically, Plaintiff asserts that Defendant

7    should have incorporated child support payments into its

8    income calculation and that Defendant further erred by

9    requiring financial information from the co-borrower as part

10   of the application.

11       Courts have consistently held that HAMP does not create a

12   private right of action.   See McAfee vs. Select Portfolio

13   Servicing, Inc. 193 Wn.App. 220, 231-32 (2016), citing

14   cases.   The court in McAfee affirmed dismissal of a

15   complaint for failure to state a claim, holding that denial

16   of a loan modification even in violation of HAMP does not

17   create a cause of action under the CPA.   (Id. at 232).

18       However, the denial of a loan modification in violation

19   of HAMP could constitute an unfair or deceptive act as long

20   as it is otherwise unfair or deceptive.   See Syed v. Bank of

21   America, 2016 WL 9175632 at 4 (W.D. Wash. Nov. 22, 2016).

22       A defendant's act or practice is deceptive if it "has a

23   capacity to deceive a substantial portion of the public."

24   Hangman Ridge, 105 Wn.2d at 785.

25       Furthermore, a defendant's act or practice is not

1    deceptive unless it involves "a representation, omission or

2    practice that is likely to mislead a reasonable consumer."

3    Panag vs. Farmers Ins. Co. of Wash., 166 Wn.2d 27 at

4    50 S.Ct. (2009).

5        The CPA does not define what it means for an act to be

6    unfair.  A defendant's act or practice may be unfair if it

7    "offends public policy as established by statutes or common

8    law or is unethical, oppressive or unscrupulous."  Klem vs.

9    Washington Mutual Bank, 176 Wn.2d 771, 787 (2013).

10       In the second amended complaint, Plaintiff cites the FHA

11   guidelines which provide that a mortgagee "must require

12   borrowers who want to retain the property and who have

13   sufficient surplus income and/or assets to reinstate the

14   mortgage through a repayment strategy."

15       Plaintiff also cites page 601 of the FHA Handbook in

16   support of the proposition that child support payments

17   should have been included in Defendant's income calculation.

18   However, on page 599, the handbook provides "for purposes of

19   a loss mitigation analysis, borrower income must include the

20   income of each borrower who is occupying or not occupying

21   the property."  Consistent with the requirements outlined in

22   the FHA Handbook, the denial letter states that Plaintiff's

23   application for all HAMP programs were rejected in part for

24   failure to provide income from all borrowers.

25       To the extent Plaintiff is correct that child support

1    income should be counted while processing HAMP applications,

2    it appears to be irrelevant because of her failure to comply

3    with other provisions required under HAMP under the

4    guidelines.

5        As a result, Plaintiff's complaint fails to state facts

6    that, as a matter of law, would be unfair or deceptive.  The

7    denial did not constitute an act or omission that was likely

8    to mislead a reasonable consumer, nor was the action

9    unethical, oppressive or unscrupulous.  The defendant merely

10   rejected an application for a loan modification after

11   Plaintiff defaulted on the loan.  It did not provide the

12   requisite financial information as required by the FHA

13   guidelines.  Plaintiff has therefore failed to adequately

14   plead facts that would suggest the denial of the loan

15   modification was unfair or deceptive under the CPA.

16       In sum, none of the five alleged bad acts in the second

17   amended complaint plausibly assert a cause of action under

18   the CPA.  I therefore grant Defendant's motion to dismiss.

19       Leave to amend.

20       If a complaint is found to be deficient, the Court may

21   permit the Plaintiff to amend it.  The Federal Rules of

22   Civil Procedure state that leave to amend "shall be freely

23   given when justice so requires."  FRCP 15(a)(2).  "The

24   decision of whether to grant leave to amend nevertheless

25   remains with the discretion of the court, which may deny

1   leave to amend due to undue delay, bad faith or dilatory

2   motive on the part of the movant, repeated failure to cure

3   deficiencies by amendments previously allowed, undue

4   prejudice to the opposing party by virtue of allowance of

5   the amendment, and futility of amendment." Leadsinger, Inc.

6   vs. BMG Music Publishing, 512 F.3d 522, 532 (9th Cir. 2008).

7        Here, there does not appear to be undue delay, bad faith

8   or dilatory motives on behalf of the plaintiff.  There has,

9   however, been repeated failures to cure deficiencies as this

10  is Plaintiff's third complaint.

11       Furthermore, Defendant will experience undue prejudice if

12  further amendment to the complaint is allowed because a

13  temporary restraining order preventing foreclosure remains

14  in place until this proceeding is concluded.  Therefore,

15  Defendant can neither move forward with foreclosure

16  presently by the continuation of this lawsuit or access

17  payments in lieu of the time value of that delay.

18       Lastly and most importantly, further amendment to the

19  complaint appears to be futile.  It does not appear that

20  Plaintiff will be able to amend her complaint to

21  sufficiently state a claim as the facts are unlikely to

22  support a viable cause of action under the CPA.

23       The crux of Plaintiff's argument is that Defendant

24  unfairly denied her loan modification and that Defendant

25  failed to reinstate the loan by making a partial claim for

1   FHA insurance.  It is unclear how these actions could

2   support a cause of action under the CPA when the denial of

3   the HAMP loan modification with a partial claim appears to

4   be consistent with FHA guidelines and the injury appears to

5   be solely caused by Plaintiff's own default under the loan.

6   For these reasons, I decline to allow Plaintiff to amend the

7   complaint.

8        Conclusion.

9        In sum, I grant Defendant's motion to dismiss with

10   prejudice and without leave to amend.  Counsel for the

11   defendant should submit an order referencing this oral

12   ruling.

13        And now we need to discuss what happens next.  Having

14   dismissed the remaining claim without leave to amend, I

15   believe the only further issues that need to be addressed in

16   the lawsuit have to do with the injunction that is otherwise

17   still in place and the funds that have been deposited into

18   the registry of the District Court.

19        So I will take suggestions on how to proceed, but my

20   initial thought is that Defendant ought to make a motion for

21   me to strike the injunction.  Because it's been referred

22   down to me, I can deal with the injunction while it is still

23   in this court's hands.  Similarly, I can deal with the

24   disposition of funds even though it's in the registry of the

25   District Court rather than in the bankruptcy court.  So I

1    would think Defendant should bring a motion on both matters,

2    but if there is a more efficient or better way to proceed, I

3    am all ears.

4        So let me turn to Defendant's counsel first.

5        MR. BUMGARNER:  Thank you, Your Honor.  Yes, my thought

6    would be to file with the Court, requesting the Court that

7    it dissolve the current injunction.  And then in connection

8    with that, request that the clerk of the court be directed

9    to distribute the moneys on deposit to the defendant.

10       THE COURT:  Mr. Ortiz, any alternative thoughts on the

11   most efficient way to deal with that procedurally.

12       MR. ORTIZ:  In the past, I dealt with it with stipulated

13   motions.  I don't know if that would speed things up.  But I

14   am going to have to talk to my client first to give a

15   definitive answer, but, yeah, there's a number of ways of

16   doing that.

17       THE COURT:  Yeah.  But you're probably going to have to

18   communicate with your former client and her counsel, as

19   well, correct?  Because it's her money.

20       MR. ORTIZ:  Correct.  And Ms. Henry -- Christina Henry is

21   in a trial this week, so I am going to have to wait until

22   next week to get her full attention on this.

23       THE COURT:  I wasn't thinking this would be on shortened

24   time, so here's what we're going to do, is I will not set --

25   we have been having all of the hearings in Seattle, have we

1    not, not in Marysville, even though this is a Marysville

2    bankruptcy case?

3        MR. ORTIZ:  Correct.

4        THE COURT:  I think we will continue with that just for

5    the convenience of the parties.  I don't remember if I have

6    anything on the docket that firms that up, but if I don't

7    we'll put something on the docket that makes it clear that

8    the motion can be set in Seattle.  But then I will just

9    await an appropriate motion set on the regular local rules

10   timing, so, therefore, for a Thursday -- a run of my regular

11   omnibus Thursday Seattle calendars, addressing both

12   dissolving the injunction and disposition of the funds.  If

13   the parties then end up stipulating in the meantime and I

14   have all parties signing off on it -- although in this case

15   I would also need the trustees to sign off on it because

16   they have never been joined as Parties-Plaintiff -- if I

17   have a stipulated order disposing of that money, I am going

18   to need to see that everybody around the table, including

19   the two trustees and the debtor, has signed off on it

20   besides Alabama Housing.

21       MR. BUMGARNER:  Thank you, Your Honor.  I will make sure

22   that everybody is on board.

23       THE COURT:  All right.  And I guess that would go for

24   service of the motion, too.  You sort of have this odd state

25   of affairs where had the case gone forward, I would have

1    allowed a substitution of parties, but regardless of whether

2    that had occurred already or not, parties that are entitled

3    to receive notice would include the debtor, now represented

4    by Ms. Henry.  I think that it's just safer from a due

5    process standpoint if Mr. Ortiz and Ms. Henry receive notice

6    of your motion.

7        MR. BUMGARNER:  Understood, Your Honor.

8        THE COURT:  Has Ms. Henry filed a request for notice in

9    this proceeding?

10        MR. ORTIZ:  I believe there was -- well, we were in the

11    process of her appearing in the adversarial proceeding.  I

12    believe in the Tavares bankruptcy case she did appear.

13        THE COURT:  So if she's appeared, I think that I will

14    consider the notice to her as opposed to Ms. Tavares is

15    going to be adequate.  Under the gray situation we're in,

16    even though notice to Mr. Ortiz should be -- he is the only

17    one that has appeared for the Plaintiff in the case, because

18    nobody substituted in, I think it leaves it a little

19    unclear.  Is she actually pro se, as we speak, in this

20    proceeding?  To the extent she still has an interest in the

21    proceeding, she surely still has an interest in the

22    proceeding as it relates to the money that's being paid into

23    the registry.

24        So if we don't have a clear record that Ms. Henry has

25    appeared in this adversary proceeding, you're going to have

1    to serve Ms. Tavares as well.

2        MR. ORTIZ:  I can save Mr. Bumgarner the trouble.  I am

3    literally waiting for a signature.  But, like I said,

4    Ms. Henry is involved in a trial this week.  So given some

5    time, I can save Mr. Bumgarner the trouble and get an

6    appearance from Ms. Henry in this proceeding, meaning the

7    adversary proceeding.

8        THE COURT:  All right.  I am looking at my calendar.

9    It's the 23rd.  Then I don't have a calendar on the 25th, do

10   I?  Well, if the parties can't stipulate, I guess I have one

11   concern, which is, it's going to be too soon to get it on my

12   Seattle calendar for the 8th of November.  That's not enough

13   time.  Because of Thanksgiving week, I do not have another

14   Seattle regular scheduled calendar until December 6th.

15       MR. ORTIZ:  I think it's December 6th.

16       THE COURT:  Right.  So if for some reason you believe

17   that waiting until December 6th for a final disposition of

18   this, if it's not an earlier agreed disposition, is too

19   long, contact my chambers and I will give you a special set.

20   So I am not inclined to shorten time, but because of the

21   lack of a calendar within that period, a regularly set

22   calendar, I will give you a special set for the hearing.

23       MR. BUMGARNER:  Thank you, Your Honor, very much.

24       THE COURT:  All right.  Anything else we should be

25   discussing at this point?

 1           (No audible reply).

 2           THE COURT:  Thank you.  We will be at recess.

 3           MR. BUMGARNER:  Thank you, Your Honor.

 4                     (Conclusion of oral ruling.)

 5

 6    /s/Marjorie Jackson, CET/November 9, 2018

 7    AAERT Certified Electronic Transcriber

 8    Reed Jackson Watkins, LLC

 9    Court Approved Transcription Company

10    1326 Fifth Avenue, Suite 710

11    Seattle, Washington  98101

12    206.624.3005

13

14

15

16

17

18

19

20

21

22

23

24

25

Exhibit B

Order Denying Motion for Reconsideration, December 21, 2018

Entered on Docket December 21, 2018

**Below is the Order of the Court.**



**Marc Barreca**
**U.S. Bankruptcy Judge**

**(Dated as of Entered on Docket date above)**

---

### UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| In re | Bankruptcy Case No. 16-14901-MLB |
| Christine Tavares, | |
| Debtor. | |
| Christine Tavares | Adversary No. 18-01002-MLB |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR** |
| Alabama Housing Finance Authority, | **RECONSIDERATION** |
| Defendant. | |

This matter came before me on Plaintiff's motion for reconsideration (Dkt. No. 86, the "Motion for Reconsideration"), seeking reconsideration of my Order on Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. No. 83).[1]

I considered the pleadings and files herein pursuant to Federal Rule of Bankruptcy Procedure ("Fed. R. Bankr. P.") 9023, Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 59(e),

---

[1] Plaintiff did not comply with Local Bankruptcy Rule 9013-1(h) and Local Civil Rule 7(h). The motion should not have been noted for hearing. In accordance with the local rules, I determine that a response from the Defendant is not necessary and I will therefore rule on the Motion for Reconsideration prior to the hearing date.

Page 1 of 3

1   Local Bankruptcy Rule for the Western District of Washington ("Local Bankruptcy Rule") 9013-

2   1(h) and Local Civil Rule for the U.S. District Court for the Western District of Washington

3   ("Local Civil Rule") 7(h).[2]

4

5   **Standard for Reconsideration**

6   "The Bankruptcy Code does not contemplate motions for reconsideration; rather such

7   motions are treated as motions to alter or amend judgment under Fed. R. Civ. P. 59(e), made

8   applicable by Bankruptcy Rule 9023." *In re Ball*, 2008 Bankr. LEXIS 4745, at *19 (9th Cir.

9   B.A.P. 2008) (unpublished); *see also In re America West Airlines*, 240 B.R. 34 , 38 (Bankr. D.

10  Ariz. 1999).  Local Bankruptcy Rule 9013-1(h) provides that Local Civil Rule 7(h) governs

11  motions for reconsideration.  Local Civil Rule 7(h) provides that:

12        Motions for reconsideration are disfavored.  The court will ordinarily deny such
          motions in the absence of a showing of manifest error in the prior ruling or a
13        showing of new facts or legal authority which could not have been brought to its
          attention earlier with reasonable diligence.
14
15  Local Rules, W.D. Wash. CR 7(h)

16  **Analysis**

17   Plaintiff has not demonstrated manifest error in my prior ruling or provided a showing of

18  new facts or legal authority which could not have been earlier brought to my attention.  In

19  general, Plaintiff reiterates the same arguments made on Defendant's Motion to Dismiss (Dkt.

20  No. 71).  In particular, Plaintiff does not point to any new facts or legal authority to suggest that

21  Defendant improperly denied the requested loan modification given the Federal Housing

22  Administration's ("FHA") guidelines on loss mitigation referenced in the complaint, which

23  require financial information for all borrowers.

24   Moreover, I recognize that Plaintiff was placed in a difficult position due to the alleged

25  no contact order between Plaintiff and Mr. Anzaldua.  However, Plaintiff has not provided any

26

27        [2] I construe the instant Motion for Reconsideration to have arisen under Fed. R. Bankr. P.
28  9023.  To the extent it could have been construed as a motion under Fed. R. Bankr. P. 9024, the
    analysis set forth herein is equally applicable.

Page 2 of 3

new facts or legal authority to support the implied proposition that Defendant was required to ignore FHA guidelines in light of Plaintiff's unique circumstances.

NOW, THEREFORE, for the foregoing reasons, Plaintiff's Motion for Reconsideration is DENIED.[3]

/// END OF ORDER ///

---

[3] I do not address the motion for substitution of parties, which Plaintiff included with the improperly noted Motion for Reconsideration. The parties may be heard on the motion for substitution at hearing on January 4, 2019.