The Honorable Richard A. Jones

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re<br><br>CHRISTINE TAVARES, and EDWARD ANZALDUA,<br><br><br>Debtors, | U.S. Dist. Ct. Appeal     2:19-cv-00020-RAJ<br><br>Adversary Case No.     18-01002-MLB<br><br>Chpt. 7 Bankruptcy Case No.s<br>                   16-14901-MLB<br>                   16-15970-MLB<br><br>Bankruptcy Internal Appeal     19-S001 |
| MICHAEL KLEIN, Trustee for the estate of Christine Tavares, and DENNIS LEE BURMAN, Trustee for the estate of Edward Anzaldua,<br><br>Plaintiff,<br><br>vs.<br><br>ALABAMA HOUSING FINANCE AUTHORITY, a foreign public corporation doing business in Washington as SERVISOLUTIONS<br><br>Defendant | APPELLANTS' REPLY BRIEF |

APPELLANTS' REPLY BRIEF

Page - 1

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704     arthur@aeolegal.com

1
2
3

## TABLE OF CONTENTS

I.      INTRODUCTION              . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

II.     APPELLATE JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . .  4

III.    STANDARD OF REVIEW          . . . . . . . . . . . . . . . . . . . . . .  4

IV.     STATEMENT OF THE ISSUES.          . . . . . . . . . . . . . . . . . . . . .5

V.      ARGUMENT.                  . . . . . . . . . . . . . . . . . . . . . .5

        1.     **The bankruptcy court erred when it ruled that the adversary complaint failed to state a claim.** . . . . . . .  5

        *Hangman Ridge*                     7

        (1)    **an unfair or deceptive act or practice** . . . . . . . .  7

        (2)    **occurring in trade or commerce** . . . . . . . . . . .  10

        (3)    **affecting the public interest** . . . . . . . . . . . . . . .  10

        (4)    **injury to a person's business or property** . . . .  11

        (5)    **causation**   . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

        **2.**     **It was error to deny leave to amend the adversary complaint** . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

VI.     CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .17

VII.    CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . 19

Arthur  E. Ortiz, Attorney
6015 California Ave. S.W., No. 203
Seattle, Washington 98136
Tel 206-898-5704        arthur@aeolegal.com

## TABLE OF AUTHORITIES

**Cases**                                                                                        Page(s)

*Bain v. Metro. Mortg. Grp., Inc.*, 175 Wn.2d 83, 94 (2012)                                         6

*Carvalho v. Equifax Info. Svs., LLC.*, 629 F.3d 876 (9th Cir. 2010)                              14

*Cox v. Helenius, 103 Wn.2d 38*3, 387 (W.D. Wash. 2010                                             6

*Ebner v. Fresh, Inc.*, 838 F.3d 958, 968, (9th Cir. 2016)                                        14

*Frias v. Asset Foreclosure Servs., Inc.*, 181 Wash. 2d 412, 334 P.3d 529,                      12, 16
538. (2014)

*Hangman Ridge Training Stables. Inc . v. Safeco Title Ins. Co.*, 105 Wn.2d                      7,  8
778, 719 P.2d 531 (1986)

*Johnson v. JP Morgan Chase*, 14-5604RJB, (U.S. Dist. Ct., W.D. Wash.                             15
Aug. 11, 2015)

*Mano-Y & M, Ltd. v. Field (In re The Mortgage Store, Inc.),* 773 F.3d 990,                        5
994 (9th Cir. 2014)

*Minie v. Selene Finance et al,* 3:18-cv-5364RJB, (U.S. Dist. Ct., W.D.                           15
Wash. Mar. 22, 2019)

*Sergeant v. Bank of America et al*, C17-5232BHS, (U.S. Dist. Ct., W.D.                           15
Wash. Sept. 6, 2017)

*Syed v. Bank of America, N.A.*, 2:16-cv-01183-JCC, (U.S. Dist. Ct., W.D.,                        11
Wash., Nov. 22, 2016.)

*Tavares v. AHFA*, Dkt. No. 19, 2:17-cv-01599-MJP (U.S. Dist. Ct., Wash.                          10
Nov. 27, 2017)

*In re Turner,* 859 F.3d 1145, 1148 (9th Cir. 2017)                                              4, 5

*Thinket Ink Info Res., Inc. v. Sun Microsystems, Inc.,* 368 F.3d 1053, 1061                       5
(9th Cir. 2004)

*U.S. Bank N.A. v. Tait*, 2016 U.S. Dist. LEXIS 129046 (W.D.Wash. Sep.                      11, 12, 15,
21, 2016).                                                                                         16

*Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir.                            11
2002)


**Statutes**:

RCW 61.24.005                                                                                     13

ARTHUR  E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704      arthur@aeolegal.com

RCW 19.86.093                                                               8,  10

**Miscellaneous:**

FRCP 15                                                                    14, 15

## I.      INTRODUCTION

The Respondent's responsive brief does not shed any light on any legitimate justification for it's total refusal to assist Ms. Tavares with affordable mitigation. Respondent, Alabama Housing Finance Authority ("AHFA") is taking advantage of the fact that her former domestic partner, Mr. Anzaldua, also co-borrower on the note, is withholding his income data in retaliation for Ms. Tavares reporting his sexual assault and obtaining a No Contact Order (NCO) to protect her child from him.

## II.     APPELLATE JURISDICTION

The District Court has jurisdiction over this appeal. Dkt. No 6, pg. 6.

## III.    STANDARD OF REVIEW

Bankruptcy Trustee Appellants stated the correct standard of review in their opening brief. *In re Turner,* 859 F.3d 1145, 1148 (9th Cir. 2017). The Ninth Circuit Court of Appeals also reviews district court decisions appealed from bankruptcy

**APPELLANTS' REPLY BRIEF**

Page - 4

courts de novo. *Mano-Y & M, Ltd. v. Field (In re The Mortgage Store, Inc.),* 773 F.3d 990, 994 (9th Cir. 2014).

A bankruptcy court's decision to deny leave to amend the complaint is reviewed for abuse of discretion, however, whether the complaint is susceptible to amendment is reviewed de novo. *Turner,* 859 F.3d at 1148; *Thinket Ink Info Res., Inc. v. Sun Microsystems, Inc.,* 368 F.3d 1053, 1061 (9th Cir. 2004).


## IV.    STATEMENT OF THE ISSUES

1.    Whether the bankruptcy court erred when it ruled that the adversary complaint failed to state a claim?

2.    Whether the bankruptcy court erred by denying the Bankruptcy Trustees leave to amend the adversary complaint?


## V.    ARGUMENT

### 1.  The bankruptcy court erred when it ruled that the adversary complaint failed to state a claim.

AHFA's denials (Dkt. No. 7, pg. 10 of Appellee's Brief) cover up the shell game AHFA imposed on Ms. Tavares, (AHFA first informed Ms. Tavares that Mr. Anzaldua could execute a quitclaim deed because he no longer resided in the property.

**APPELLANTS' REPLY BRIEF**

Page - 5

Adversary Proceeding Dkt. No. 7 at pg. 2, ¶11. Then AHFA switched positions and informed Ms. Tavares that a quitclaim would not help. Adversary Proceeding Dkt. No. 7, pg. 3, ¶13. Along with discouraging Ms. Tavares from using Legislatively promoted housing counselors (*See* Intent under RCW 61.24.005), AHFA's representations to Ms. Tavares then, as in its response now, attempts to deflect the issue with indecipherable denials regarding programs that Ms. Tavares's HUD-approved housing counselor (Patzer) declared Ms. Tavares would have qualified for.  Adversary Proceeding  Dkt. No. 27-7, pg. 3.  None of AHFA's denials sufficiently provide the basis of the denial and as indicated by Ms. Tavares's housing counselor, it was based on incorrect income data. *Id* and Appellant's Opening Brief at pg. 12.

Washington's Supreme Court held that, " Washington's Deed of Trust Act  should be construed to further three basic objectives.  First, the nonjudicial foreclosure process should remain efficient and inexpensive. Second, the process should provide an adequate opportunity for interested parties to prevent wrongful foreclosure. Third, the process should promote the  stability of land titles." *Bain v. Metro. Mortg. Grp., Inc.,*175 Wn.2d 83, 93, 285 P.3d 34 (2012) citing *Cox v. Helenius,* 103 Wash.2d at 387, 693 P.2d 683 (2010). In furtherance of the above, and in the midst of the foreclosure crisis, Washington's Legislature amended its Deeds of Trusts Act ("DTA") with the Foreclosure Fairness Act ("FFA"),  the substitute house bill described the amendment as an act relating to "protecting and assisting homeowners from

**APPELLANTS' REPLY BRIEF**

Page - 6

unnecessary foreclosure…." 2011 SHB 1363, Chpt. 58, 62[nd] Legis. The Legislatures findings and intent under RCW 61.24.005 clearly states its intentions to, " Encourage homeowners to utilize the skills and professional judgment of housing counselors as early as possible in the foreclosure process and create a framework for homeowners and beneficiaries to communicate with each other to reach a resolution and avoid foreclosure whenever possible…." RCW 61.24.005 Findings-Intent-2001 c58, (2)(a) (b).

### *Hangman Ridge*

Generally, to prevail in a private CPA claim, the plaintiff must prove (1) an unfair or deceptive act or practice (2) occurring in trade or commerce (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation. *Hangman Ridge Training Stables. Inc . v. Safeco Title Ins. Co*., 105 Wn.2d 778, 784-85, 719 P.2d 531 (1986). The bankruptcy court erred by modifying the *Hangman Ridge* analysis requiring that each alleged unfair of deceptive act, separately and individually must survive the *Hangman Ridge* analysis. This distorrts each element's context and ignores the cumulative effect of AHFA's alleged unfair and deceptive acts as well as the Legislative Intent.

### (1) an unfair or deceptive act or practice

Plaintiffs need not show that the act in question was intended to  deceive, but that the alleged act had the capacity to deceive a substantial portion of the public.

**APPELLANTS' REPLY BRIEF**

Page - 7

*Hangman Ridge*, 105 Wn.2d 785. The "unfair or deceptive act" element can be established by alleging an act that has the capacity to deceive a substantial portion of the public, or by showing that AHFA's conduct violates a statute that contains a specific legislative declaration of public interest impact, or AHFA had the capacity to injure other persons, or AHFA has the capacity to injure other persons. RCW 19.86.093(2) & (3). In contrast to the HUD-approved housing counselor's assertion that there was a modification Ms. Tavares could have independently qualified for, AHFA simply gives conclusory statements that Ms. Tavares did not qualify for a loan modification.

Instead of communicating with Ms. Tavares or giving any credence to her housing counselor, AHFA's sent HUD an prejudically biased variance request (Dkt 71-11) indicating Mr. Anzaldua's molestation as "alleged" but lacks no certainty in stating, "Mr. on note must provide inc for lm rvw per pg 599." Further clouding communication, AHFA vaguely asked HUD, "[D]oes HUD appr exclusion of co-brwr income and signature?" Without indicating which co-borrower the request was about nor did the request contain any income data that HUD could rely on in deciding the variance. Dkt. 71-11. AHFA worded the variance in such a way that HUD would likely deny for lacking pertinent clarity. The bankruptcy court erroneously based its holding on the prejudicially biased HUD variance. Appellee's Brief at 11. The variance AHFA obtained from FHA, Dkt. No. 71-11, is misleading because it fails to define what

**APPELLANTS' REPLY BRIEF**

Page - 8

income is excluded, whether the excluded income is Mr. Anzaldua's child support payments or his entire income. As with every other communication from AHFA, interpretation becomes a shell game where AHFA chooses only whatever interpretation leads to foreclosure inspite the fact Ms. Tavares showed AHFA she had a qualifying income. Doc. No. 3, Decl. of Monique Patzer, pg. 3, ¶11-16.

As for the partial claim, it again goes to AHFA denying the allegation without proof. As calculated by her housing counselor, Ms. Tavares qualified for a modification with a partial claim. Doc. No. 3, Decl. of Monique Patzer. Had AHFA filed a claim there would be a certificate from HUD indicating the paid claim and in some cases a transfer of title back to the beneficiary (HUD). Those funds would be used to bring the borrower current and back into the loan. It is wholly unfair and deceptive of AHFA to withhold filing a partial claim or participating in any available default mitigation.

Even though Ms. Tavares chose to ignore AHFA's discouragement of the use of housing counselors, it remains an unfair or deceptive act because it has the capacity to mislead other borrowers. Even when Ms. Tavares did not fire her housing counselor as a result, the court should have acknowledged that while AHFA spent its time discouraging the use of HUD approved housing counselors, it was not using its opportunity with Ms. Tavares to properly assist her with mitigation she showed she could afford. AHFA refused to review Ms. Tavares's application considering her true

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704      arthur@aeolegal.com

income which, pursuant the housing counselor, qualified Ms. Tavares for a loan modification. Moreover, AHFA's conduct is in direct conflict with clearly stated public policy under RCW 61.24.005.

## (2) occurring in trade or commerce

There is no dispute that the mortgage in question is included in the CPA's broad definition of the terms "trade" and "commerce" including "the sale of assets or services, and any commerce directly or indirectly affecting the people of the state of Washington." RCW 19.86.010(2).

## (3) affecting the public interest

The court erred in finding that AHFA's conduct did not have a public impact. Ms. Tavares sufficiently stated this element alleging AHFA's capacity to injure others RCW 19.86.093(2) & (3). As the District Court stated when restraining the non-judicial trustee sale of the subject property, "[T]o the extent that Defendant's practices undermine the purposes of Washington's Deeds of Trust Act (which include providing an efficient and inexpensive process and an adequate opportunity for borrowers to prevent wrongful foreclosure), they impact the public interest." *Tavares v. AHFA*, Dkt. No. 19, 2:17-cv-01599-MJP (U.S. Dist. Ct., Wash. Nov. 27, 2017). There is a decided public interest in protecting borrowers from prolonged and unnecessary foreclosures. As with above, Washington's Legislature declared that "[P]rolonged foreclosures contribute to the decline of the state's housing market, loss of property values, and

**APPELLANTS' REPLY BRIEF**

Page - 10

other loss of revenue to the state…." RCW 61.24.005 Findings-Intent-2 001 c58 (1)(b). Common sense and the economic hardships of the last decade dictate that dilatory and manipulative lending practices have a significant public impact. *Syed v. Bank of America, N.A.*, 2:16-cv-01183-JCC, Dkt. No. 20, pg. 7, (U.S. Dist. Ct., W.D., Wash., Nov. 22, 2016.)

### (4) injury to a person's business or property

The court erred in finding Ms. Tavares suffered no injury. On a motion to dismiss, the Court need not determine which of the parties' positions is accurate. *Syed v. Bank of America*, 2:16-cv-01183-JCC, Dkt. No. 20. pg. 8, *citing Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002)("Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss."); *see also U.S. Bank Nat'l Assoc. v. Tait*, 2016 WL 5141990 at *2 (W.D. Wash. Sep. 21, 2016) ("At this stage of the litigation, the Court need not determine which of the parties' allegations are true as to what caused the Taits' injury of an increased principal."). Rather, courts ask whether the version of the facts alleged are plausible. Ms. Tavares' failure to pay cannot as a matter of law defeat causation. *Syed at* Dkt. No. 20. pg. 8. If anything, Ms. Tavares' total deposits of over $20,000.00 into the court registry is showing that the negative amortization since June 2016 is caused by AHFA's mitigation failure rather than default. Negative amortization means the loan is becoming more expensive to modify due to the accrual of arrears while languishing in

Arthur E. Ortiz, Attorney
6015 California Ave. S.W., No. 203
Seattle, Washington 98136
Tel 206-898-5704      arthur@aeolegal.com

unmitigated default. *Frias v. Asset Foreclosure Servs., Inc.,* 181 Wash. 2d 412, 431-32, 334 P.3d 529, 538. (2014), A plaintiff may be injured by conduct which causes increased principal and accrued interest. *U.S. Bank N.A. v. Tait,* 2016 U.S. Dist. LEXIS 129046 (W.D.Wash. Sep. 21, 2016).

Here, the Second Amended Complaint alleges (SAC) D kt. No. 69 of Adversary Proceeding alleges, "injury to property in the form of increased principal and accrued interest." *See* SAC at Dkt. No. 69, pg. 13. The SAC specifically alleges, "AHFA's baseless refusal to review Ms. Tavares accurately and credibly ascertaining mitigation of her default with an affordable loan modification has injured her property by twenty-four months of needlessly accumulated debt."

### (5) causation.

The SAC alleges that, "[B]ut for ServiSolution's actions as alleged herein, the increased principal and accrued interest injury would not have occurred." As a direct and proximate result of its delay and needless obfuscation, AHFA caused the mortgage loan balance to increase and accrue arrears. In failing to address the issues of foreclosure, defendant AHFA created an outstanding principle balance far larger than it would have been had defendants simply complied with the law and mitigated the default. The SAC specifically pleads, "… had AHFA negotiated a loan modification shortly after June 2016, Ms. Tavares' loan principal would have decreased and be decreasing with each payment, and there would be no arrears.

**APPELLANTS' REPLY BRIEF**

Page - 12

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704      arthur@aeolegal.com

Interest would be accruing on a smaller principal with each passing month[.]…

AHFA's unfair and deceptive default mitigation practices added twenty-four months of

arrears, all of it avoidable."

In sum, with regard to the sufficiency of the pleading, t he Court erred by

splitting up the alleged unfair and deceptive events and presuming the total sum effect

of AHFA's conduct would not unnecessarily delay, confuse, and evade prompt useful

default mitigation in complete conflict with Legislative intent. *See* RCW 61.24.005

(Intent). It is mathematical that delay increases a defaulted loan's cost (and decreases

the ability to mitigate as time progresses) by virtue of the accrual of arrears, interest,

and associated cost. Ms. Tavares alleges, and sufficiently showed, that but for AHFA's

mitigation evasion, lack of a modification with a partial claim, Ms. Tavares would not

be suffering the increasing cost of her loan. Ms. Tavares agreed to release the

injunctive bond amount to be applied to the loan to decrease the loan injury and

increase the likelihood of an affordable modification.

The fact there was no clear title was ultimately due to AFHA's i ntransigence and

default mitigation evasion. AHFA foreclosed any opportunity to explore options for

releasing any junior liens.

ARTHUR  E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704     arthur@aeolegal.com

### 2.     It was error to deny leave to amend the adversary complaint.

The Court erred by not granting leave to amend. FRCP 15 states, "The court should freely give leave when justice so requires."  Leave to amend should be granted even if no request to amend the pleading was made, unless the pleading could not possibly be cured by the allegation of other facts. *Ebner v. Fresh, Inc.*, 838 F.3d 958, 968, (9th Cir. 2016). *See also Doe v. United States,* 58 F.3d 494, 497 (9th Cir.1995). The Ninth Circuit reviews district court denials for leave to amend  *de novo* ensuring the "complaint would not be saved by any amendment." *Carvalho v. Equifax Info. Svs., LLC.*, 629 F.3d 876 (9th Cir. 2010).

Here justice requires that a minor who is a victim of the non-resident co-borrower's sexual assault should not be uprooted and forced to relocate because the man who assaulted that minor refuses to cooperate and provide updated income data to AHFA.  The exception is when the ***facts*** demonstrate futility. The law focuses on the facts and only permits dismissal when there  could not possibly be other facts that once alleged, cure the insufficiency.  Here the bankruptcy court ignored the housing counselor's declaration and other facts to create a non-existant insufficiency.  Leave to Amend substantively focuses on a factual basis for futility, it does not, as the bankruptcy court did, dismiss the case because the number of amendments reached some subjective level of impermissibility. Here, at least one previous amendment was

**APPELLANTS' REPLY BRIEF**

Page - 14

administrative as this case originated in U.S. District Court, not in bankruptcy court. This should not count against the Trustees under any FRCP 15 analysis. Nor should a need for further amendment cause any prejudice as AHFA has not spent any time or resources in discovery and it has received Ms. Tavares' cash outlay from the released injunctive bond funds, no anticipated amendment would trigger any prejudice to AHFA.

The claims Trustees allege in the Second Amended Complaint routinely survive dismissal. It is the Appellant Trustee's position that the CPA claim is sufficiently pled but further amendments could assist in accommodating the bankruptcy court's position on sufficiency for stating a CPA claim. *See*, *Minie v. Selene Finance et al,*3:18-cv-5364RJB, (U.S. Dist. Ct., W.D. Wash. Mar. 22, 2019)(In circumstances similar to the instant case, with respect to the CPA claims, the court in *Minie* held that the defendants failed to meet their summary judgment burden. As here, the plaintiff in *Minie* offered numerous specific facts supported by affidavits and declarations that contradict facts offered by defendants. ) See also, *Sergeant v. Bank of America et al*, C17-5232BHS, (U.S. Dist. Ct., W.D. Wash. Sept. 6, 2017), *U.S. Bank Nat'l Assoc. v. Tait*, 2016 WL 5141990 at *2 (W.D. Wash. Sep. 21, 2016), and *Johnson v. JP Morgan Chase*, 14-5604RJB, (U.S. Dist. Ct., W.D. Wash. Aug. 11, 2015).

The Appellant Trustees's could amend the complaint to address how mitigation could have come prior to the expiration of the r esidential Mortgage Forgiveness Debt

**APPELLANTS' REPLY BRIEF**

Page - 15

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704      arthur@aeolegal.com

Relief Act of 2007 which expired in 2016 and iots extension expired in 2017. T he amendment could update the tax consequences related to the effect debt cancellation has on Trustees now, compared to what the tax impact would have been in 2016-2017. Under the current tax regime, any tax obligation arising from any mortgage debt cancellation is taxable. This could be significant as generally amounts removed from the unpaid principal balance to make a modification affordable are added back to the loan in the form of a balloon payment (often interest free) payable at term thus avoiding the tax obligation a discharge would create. But, solving the tax problem does not solve the increased cost issue. Where a more favorable loan modification was available but for bad faith, the borrower may have suffered an injury to property within the meaning of the CPA. *Frias v. Asset Foreclosure Servs., Inc.,* 181 Wash. 2d 412, 431-32, 334 P.3d 529, 538. (2014). A plaintiff may be injured by conduct which causes increased principal and accrued interest. *U.S. BankN.A. v. Tait,* 2016 U.S. Dist. LEXIS 129046 (W.D.Wash. Sep. 21, 2016).  A balloon payment consisting of arrears accumulated by the lender's delay, which becomes payable upon sale of the property or term of the Note is an undeniable injury to the borrower's  business or property because AHFA's delay adds an expense or cost that would not otherwise exist, and that added cost ultimately decreases the investment value to the borrower because it diminishes sale proceeds and looms as a likely unpayable debt if maturity occurs before sale. Therefore the Trustee's complaint can be amended to clarify damages

**APPELLANTS' REPLY BRIEF**

Page - 16

under recent tax reforms and the resulting impact those reforms have on mitigating the mortgage default.

The complaint may also benefit from other updates. For example, Mr. Anzaldua continues to refuse to cooperate with the modification application or any title transfer process, confirming AHFA's role as a tool to retaliate against Ms. Tavares for having taken court action to protect her child from further assault, while she had the income to afford a modification. This lost opportunity to mitigate affordably is further injury to property and business that can be claimed under the consumer protection act.

Consequently, AHFA's position also prevents Ms. Tavares from clearing title, another condition to modification. Thus AHFA's refusal to cooperate creates the situation that makes it impossible to avoid an unnecessary foreclosure and all the while, Ms. Tavares could afford a loan modification. AHFA evaded doing a full review of her income because the co-borrower's name, the man who molested her child, and is subject to a state court NCO, remains on the defaulted mortgage.

## VI.    CONCLUSION

The Appellant bankruptcy trustees pray this Court reverse the bankruptcy court's dismissal, and remand back to bankruptcy court with an order permitting further proceedings to properly adjudicate the issues. The Second Amended Complaint  sufficiently states it claims and sufficient authority existed for AHFA to

**APPELLANTS' REPLY BRIEF**

Page - 17

modify the loan for Ms. Tavares. This matter could have been resolved long ago had

AHFA simply acknowledged proven affordability and chosen to not evade mitigation.

Dated this 8th day of July, 2019.

_____
Arthur E. Ortiz, WSBA No. 26676
Attorney for Appellant Trustees

**APPELLANTS' REPLY BRIEF**

Page - 18

1
2
3
VII.   CERTIFICATE OF COMPLIANCE
4
This brief complies with the type-volume limitation of FRBP 8015(a)(5)
5
because the brief contains 3,264 words, excluding the parts of the brief exempted by
6
7
FRBP 8015(g).
8
9
Dated July 8, 2019                              *s/ Arthur E. Ortiz*
Arthur E. Ortiz, WSBA No. 26676
10
Attorney for Appellant Trustees
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**APPELLANTS' REPLY BRIEF**

Page - 19

CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of July, 2019, I caused to be electronically filed the foregoing APPELLANTS' REPLY BRIEF with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Stephen J. Baumgarner, *Pro Hac Vice*
Bar No. 2089M66S
Maynard Cooper & Gale, P.C.
1901 Sixth Ave., N., Ste. 2400
Birmingham, AL 35203
Telephone: (205) 254-1000
sbumgarner@maynardcooper.com
*Of Counsel for defendant, Alabama Housing Finance Authority, d.b.a ServiSolutions*

Lance Olsen
McCarthy Holthus
108 1st Ave. S., Ste. 300
Seattle, WA 98104-2104
Telephone: (206) 596-4843
Facsimile: (206) 780-6862
*Attorney for defendant, Alabama Housing Finance Authority, d.b.a ServiSolutions*

Rory Livesay
The Livesay Law Firm
600 Stewart St., Ste. 1908
Seattle, WA 98101
Telephone: (206) 441-0826
rory@liveslaw.com
*Attorney for the Estate of Christine Tavares*

Peter H. Arkison
Law Offices of Peter H. Arkison
103 E. Holly Street, Ste 502
Bellingham, WA 98225-4728
Telephone: (360) 671-0300
peter@arkison.com
*Attorney for the Estate of Edward Anzaldua*

Christina Henry
Henry & DeGraaff, P.S.
150 Nickerson St., Ste 311
Seattle, WA 98109
(206) 330-0595
chenry@hdm-legal.com
*Attorney for Debtor, Christine Tavares*

I declare the foregoing is true and correct.

DATED this 8th day of July, 2019 in Seattle, King County, Washington.

_____
Arthur E. Ortiz, WSBA No. 26676
Attorney for Appellant Trustees

**APPELLANTS' REPLY BRIEF**

Page - 20